Gibson J.
delivered the opinion of the Court on all the points but one. Tilgiiman, C. J. having been absent at the argument, and. a difference of opinion having arisen between between Gibson J. and Duncan J., on that point, it, was re-argued at this term, before all the Judges.
Gibson J.
The objection that judgment for the Commonwealth ought to .have been entered up for the penalty,' to remain cautionary for the use of any one that might have cause of action for the official misconduct of the Sheriff, has not been sustained. The Act of the 28th of March, 1803, s. 4. authorises the Commonwealth, or any'person aggrieved, jas often as the case may require, to'institute actions of debt oi" scire facias, on such recognisance : and provides that a verdict and a judgment shall pass for whatever damages, shall be proved to have been suffered. This, of course, excludes all idea of theré being one judgment for the use of all concerned, as the foundation of a separate remedy for each, by a scire facias adapted to the peculiar circumstances of the case. Besides this, there are three points which arise on bills of exceptions to evidence.
The plaintiffs below offered in evidence a transcript of the proceedings and judgment of a justice of the peace, which was objected to for want of evidence of authentication, it not being a record attested by the seal of any officer; and because it was secondary to the docket itself, which, it was said, ought to be produced.' The Court admitted the transcript ; but the docket, also, was afterwards produced and given in evidence. It is very clear, the transcript was not *276 competent: but the error in this respect was cured by pro= ducing the docket itself; which brings the case within the spirit of a well established rule, that the admission of incompetent evidence cannot be assigned for error, when the fact has afterwards been established by other evidence, that was conclusive as to its existence.
On the next point, which has been re-argued before all the Judges, in consequence of a difference of opinion between the Judges who sat at the first argument, I do not deliver the opinion of the Court, but my own sentiments.
The plaintiffs further offered parol evidence of the contents of the execution, on which Forbes, (for whose escape the suit was brought,) was committed; “ having first given notice to the defendants to produce the said execution j the admission of which testimony was then and there objected to by the counsel of the defendants, on the ground that a record could not be proved by parol evidenced The objection in this Court is, that parol evidence was inadmissible before the execution was shewn to have come to the defendants’ possession, or to be lost or destroyed: and I at once admit that if it had been put on that ground at the trial, it ought to have prevailed. But, I apprehend, there has been a total change, of position since the cause came here. The argument, that to avoid the operation of the rule, which excludes parol evidence of the contents of a paper, it was incumbent on the plaintiffs to bring the case within some one of the exceptions to it, and that until they did so, the objection on general grounds was unremoved, is ingenious, but easily shewn to be unsound. It was broadly argued below, on the abstract principle, that parol evidence of the existence or contents of a .record would be given in no case: not that such evidence might be given under some circumstances, but which had not been shewn to exist, and that parol evidence was therefore incompetent; but the argument proceeded on the abstract nature of the rule, which was treated as if it were subject to no exception whatever, and of course every thing of that kind was put out of view.. Now I take it to be an inflexible rule, and one of the utmost practical value, both in pleading and evidence, that whatever is not denied, or made special ground of objection,is conceded. *277 Thus, if a party, being called on for that purpose, opens the particular view with which he offers any part of his evidence, or states the object to be attained by it, he, precludes himself from insisting on its operation in any other direction, or for any other object; and the reason is, that the opposite party is prevented from objecting to its competency any view different from the one proposed. In like manner, a party may be called on to state the particular ground on which he rests an objection to competency, and if it fails him, it is not error to receive the evidence, although it be incompetent on other grounds. Where, therefore, there is a special objection, or, what is the same in,effect, a general objection resting not on collateral circumstances, but on the supposed existence of an abstract principle admitting of no exception,, as was the case here, every ground of exception which is not particularly occupied, is, to be considered as abandoned. For instance : a deposition is offered, and it is resisted exclusively on the ground, that the witness is interested, or that the evidence is irrelevant; would it not be palpably unjust in a Court of error to listen ' to an objection, that it did not appear there had been proof of notice, or that the deposition had in all respects been regularly-taken ? If the defect were pointed out intime, it might be supplied by further proof; or if that were'impossible, the party would at least be apprised of the danger to ultimate success, which is necessarily .incurred by pressing the admission of incompetent 'testimony. Here, if instead of urging the abstract operation of the rule, the defendants had objected, that the case did not fall within the ;particular excéption to it, now relied on, the plaintiffs might have been prepared to shew that the execution actually came to the hands of the Sheriff, or that it was lost or destroyed ; but, as to that, the silence of their antagonists at the trial, had' a direct tendency to. lead them into .a surprise. For reasons like these, I regret a practice, too frequent in the Common Pleas, of .stating the exception generally, without specifying the grounds on which it is urged. In such a case, as we cannot judicially know the precise point, the' Court was called-on to decide, we are obliged to let in any objectiqn that can be raised on the face of the record; and hence,! have,-frequently ■been obliged to .consent to reverse on points, tháit,' I had *278 every reason to believe, were never made below. No Judge in justice to his own reputation as a lawyer, or to the rights of suitors, to allow any bill of exceptions which does not contain the very point decided, and nothing else. The Statute 13 E. 1. c. 31, says: “where one impleaded before any of the Justice's,, alleges an exception, praying, they will sjgn and if'they will not, if he that alleges the exception writes the same, and requires that the Justices will put to their seals, they shall do so ; and if one will not, another shall.” Then surely the party taking the exception, is bound to write it exactly as he alleges it. But where the precise point is actually stated, I apprehend we are bound to decide it on the ground taken below., In the argument here, the plaintiffs in error are therefore to be confined to the exception exactly as it was proposed at the trial;' and as, in the case at bar, the objection was made on a supposed abstract inadmissibility of the evidence, independent of collateral considerations, I am of opinion that the proof of all preliminary facts, which would otherwise have been indispensable, ought to be considered as having been waved. . ■ ‘
The last point is, the admissibility of evidence to shew that Forbes was insolvent, which was offered to shew the extent of the plaintiffs’ actual loss from the escape. . Such evidence would unquestionably be competent in ,an action for an escape on mesne process; but.imprisonment of the body on a commitment in execution, is, in, contemplation of law, full satisfaction of the debt; and a right of which the Sheriff cannot deprive the plaintiff without paying for it, not only its actual, but its legal value. This right is, the creditor’s property, and cannot be taken from' him at a less price than the law has set upon it. Such in this respect.is the reasoning of the law, which, though artificial is conclusive. But, although it is conceded, that if the Sheriff alone were concerned, the measure of damages would be the amount of the debt and costs, it is said the same rule does not hold in regard to the sureties who are more favoured by the law- But where a surety is liable at all, he is liable to the same extent as his principal j and to this, I at present- .recollect no exception. Where, indeed, he is discharged at . law by his own death, .the obligation being-joint, and you come to charge his representatives in equity j or where he is discharged in equity by *279 the laches or acts of the obligee, although liable at law, the obligation being several; a chancellor may discriminate as to his being chargeable at all: but where he is liable both in equity and law, neither a Chancellor nor a court of law can discriminate as to the extent. On all the points, therefore, I am of opinion, that the judgment be affirmed.
Tilghman C. J.
Not having been present at the first argument of this cause, my opinion will be confined to the sin.gle point which has been just now argued, and comes, before us on a bill of exceptions. It is an action against Stephen Wolverton, late Sheriff of Erie county, .and. his sureties on his official bond, founded on a breach of duty, in suffering one Edwin Forbes to escape; after being committed on an execution issued by a justice of the peace on a judgment rendered by the said justice. On the trial of the c.ause in the Court of Common Pleas, the plaintiff offered to prove the existence of the execution, by the oath of George Kelly, having first given notice to the deféndants to produce it. The counsel objected to the evidence on the ground that a-recor’d could not be proved by parol evidence. These are the words of the bill of exceptions. . The Court overruled the objection, and admitted the evidence, to which an exception was taken on the part of the defendants. I understand from this record, that the only ground on which the evidence was objected to, was, that a record could not be proved by parol evidence. But the plaintiff in error now.contend, that the-evidence was inadmissible, for want of previous'proof that the writ had come to the Sheriff’s hands. I do- not t;hink that objection now open. . It should have been made below, or the plaintiff may be taken here by surprise. When the defendants specified the cause of their objection to the evidence, they waved all other causes. Had this . objection been made then, the plaintiff might have proved that the writ had come to the Sheriff’s hands. It is not like the .case put by the defendants counsel, of a good exception supported by a bad argument. There, to- be sure, if the exception be good, it must prev.ail; because, where a case admits of many arguments, the offering of a bad one at first, is no objection tó a better afterwards. • The- question is, whether the principle be just; and not'whether it was supported by good or *280 bad argument. But the present is a case, in which the de« fencjants might have founded their objection, either on one general legal principle, or on several independent matters of facti ancj they had. their option'to rely on the whole, or any one-of them, provided the plaintiff was informed of the matter which he had to answer. The defendants might have objected 'to this parol dvidence, either on the general principle that no parol evidence is admissible to prove a record, or that it was not admissible unless the plaintiff proved two previous facts, viz. that the execution had come to the sheriff’s hands, and that the plaintiff had given him notice to produce it; or they might have objected for any one of these reasons. But if their objection was yonfined to one reason, below, they should npt be permitted to resort to any other here ; because by so doing they would take the ■ plaintiff by surprise; When th.e plaintiff after proving notice to the Sheriff to produce the execution, offered his parol evidence, if the defendants had barely objected to the evidence without assigning any cause, they would have reserved to themselves every -cause which could make the evidence inadmissible. But having assigned the cause on which they relied, viz. that no parol evidence was admissible to prove a record, the plaintiff was induced to meet them on that ground, without proving that the execution had come to the" Sheriff's hands, which’ I presume he-could have done,-and must have-afterwards done to the. jury, otherwise he could not have obtained a verdict. In the case of Baring v. Shippen, 2 Binn. 154, the defendant offered in evidence a deposition, to which the plaintiff objected, because the witness wasdncompetent. The evidence was admitted and an exception taken by the plaintiff, who after-wards endeavoured to shew that the deposition was not legal evidence, because part of its contents was not evidence, and he had excepted to all and every part of it. But this Court decided, that inasmuch as he had founded his exception on the incompetency of 'the' witness, he should not be heard on any othér point. It- really does appear to me, that the defendants gave the plaiiitiff reason to suppose that they relied solely on the general principle of parol evidence-being-inadmissible to prove a record, without taking into consideration the omission of proving that the writ had come to. the Sheriff’s hands, and therefore thev should now be confined to that objection. *281 On that state of the case, the evidence was clearly admissible, because the execution was not a thing which remained always of record, and was therefore always capable' of being proved by inspection; but a detached' paper, which in the usual course of business, would be delivered to the Sheriff and consequently out of the power of the plaintiff. My opinion therefore is, that there was no error in admitting the evidence. -
Duncan J.
The fact in issue was, whether Edwin Forbes had been committed to the custody of the Sheriff, on the execution of Hart & Co., and had escaped from such custody. To prove the execution, the plaintiff below having proved a notice to the Sheriff to produce the execution on the trial, offered a witness to' prove its existence and contents. This was objected to on the ground, that, parol evidence could not be admitted of a record. ■ '-
This is the precise statement. ; It" is an insulated exception ; one, point, to be judged of by itself, on which the opinion of the Court is required on fa'cts distinctly stated. The state of the facts when the bill was taken, is that alone which is to be considered. It cannot be changed -by any subsequent evidence, nor supplied by any opinion of the Court delivered to the jury ; nor can a Courtof revision make any presumption, nor infer any matter not stated. 1 he plaintiffs offered the parol evidence with the proof of notice. To this evidence thus offered in connection, the defendants objected, on the ground that parol evidence of the” execution could not be received. The defendants were not called on to admit any thing j they did not admit that the Sheriff ever had the' execution ; they put that very fact in issue by their plea. If the Court could draw any inference, there is not in the bill the minutest circumstance from which it^could be judicially inferred. It is quite wide of the mark to contend, that because the plaintiff's could not possibly have recovered, without proof of the delivery of the execution to the Sheriff, after a verdict, it will be taken that such admission was made or evidence given. We cannot look out of,the bill itself. We have no concern in this inquiry, with any other part of the proceedings. The bill stands or falls by its own merits.
It was not proved that the paper was lost. • It was neither *282 admitted nor proved, that it ever came to the hands of the Sheriff; What is it then, more or less, than this. That the Court received parol evidence of the execution, without proof of its loss. And why did they receive it ? Because notice was given to the patty to produce it, without proof that he ever had it, and which in his plea, he denied that he ever had; ' The fact tfyat he ever had1 it, was gratuitously assumed by the, Court. The plaintiffs in error have an undoubted right to stand on their objection, which embraced every thing respecting the admission of parol evidence. ■ I am at a loss for possible expression, or imaginable form, in. which it could be put more strongly.
The same objection lies'to the admission of parol evidence' of any species of writing, whether record or not. It may be proved if the writing is lost Or traced to the hands of the adversary. Suppose it a bond, and the party objecting says, I object, because - parol evidence cannot be given- of a bond. Does that admit that he has the bond—does that dispense with .the. proof, or any part’ of the proof admissible, to let in . the secondary evidence. If the allegation is, that the instrument is lost, would the loss be’ admitted because the party objects, that no parol evidence can be received of the instrument ? . ■ ' ’
The objection was to the medium of proof. . Parol evidence cannot be admitted of this thing. As a general rule of evidence, this cannot be questioned. If it was admissible, it must be because the case fell within some of the exceptions i-rits loss, or that it was in-the hands of the opponent. He who alleges that his easels exc.epted, out of the general rule, must make it out, that it falls within some of the exceptions of the cardinal rule , of evidence, a departure ’from which, can only be justified by necessity. He must shew why he does not produce’ the best evidence, the instrument, and this, can only be by proof of its loss, or that it is in the hands of his adversary, and notice given him to produce it. The plaintiffs in error, did not make one objection to the evidence below, and a different one here; that could- not be endured. But they object heredas they did in the Common Pleas, that parol evidence ought not to be received of the execution. It has been compared to. an objection to a deposition, but it is by this analogy. Objection is made tó a deposition, on the *283 ground of its-incompetency or irrelevancy. -Where it is reversed on writ of error, a different objection cannot be taken, that it did not appear that notice had been given.. But if one objects to the whole body of the deposition, because it is incompetent, and the whole is received, if he can lay his finger on the smallest part of it, that was not legal evidence, the judgment would be reversed. It is true, if he confines his objection to a -particular part, he cannot object to other parts, because if he had made it, the party might have waved it. But here the plaintiffs in error, resisted all parol evidence of the execution. ' '
.It is said, that in trover and-conversion, for an' instrument in writing, set out in the declaration, the defendant need not be notified to produce it on the trial. The reason of that is plain. The action is brought for the very instrument. The gist is the conversion of it. The complaint is, that it came to his hands, and he converted it. That is the very gravamen. But this action is not brought for the execution, or to recover its value. The gravameji. is distinct; it may grow out of it, but is not for the recovery of the thing itself 1 In debt on a bond, plea non est factum, to be sure the declaration gives the party notice of the bond, but it will not be pretended, that the plaintiff could be permitted to give evidence of its contents, on the- allegation that it was in the defendants hands, without giving him notice to produce it. In trover for a promissory note alleged to be converted by defendant, you need not give him notice to produce it on. the trial; but in' assumpsit for the money ;due on a note, if you go into parol proof of its existence, and allege it to have come to the defendant’s hands, you must give him notice to produce it. The difference is, where' the action is for the very writing, notice to produce it is not required, and -where it is not for the recovery'of the writing, or damages for its conversion, but to recover for some thing arising on or growing out of the writing, there notice must be. given, if it is alleged that it came to his hands.
I have considered this case with a mind strongly disposed to concur with the Court in getting over this objection, but my judgment cannot be governed by my inclinations, and I feel no regret that a majority of the Court think differently from me, because it is likely that in this particular instance, the ends of substantial justice may be subserved.
*284 But it is the precedent I deprecate. Relaxation will follow on relaxation, until all the benefits of bills of exceptions will be destroyed, and instead of the Court having a certain gL1jde ¡n the bill itself, the facts distinctly stated, they will 'be balled on to infer, and presume, and conjecture, that something- not to be found in the' bill, was admitted, in order t0 SUpp0rt the judgment. It would be better at once to open the bill, and let all omission be supplied, by .receiving evidence of what took place on the. trial. ■' - '■
I agree that the plaintiffs in error have failed in all the other exceptions made by them, but this I think they have fully supported.
The . sad lesson experience has taught us, of the inconveniences resulting from the Act requiring-' Courts to file their opinions in writing, I desire to profit by. . Take from the bill of exceptions its characteristic precision, and you strip it of all its excellence,—of its acknowledged superiority, both in point of convenience in practice, and certainly in the administration of justice over opinions filed.
Judgment affirmed.