## RICHARD JOHNSTON *against* HENRY BRACKBILL.

IN ERROR.

Where the issue joined was on the plea of a submission and an award, and the submission was general " of and concerning the differences depending between" the parties; an award setting forth that the arbitrators had examined *their several books of account*, and taken into consideration a judgment bond to the plaintiff from the defendant, and finding a particular sum due to the former *on that bond*; without determining how much, or whether any thing was due on the other subjects of difference submitted to, or examined by them, is not final, and therefore it is bad.

Where issue is joined *on this plea*, evidence of mistake and inadvertance in the arbitrators in making the award is inadmissible. But where such evidence is received under this plea, and the award is a nullity, the court will not reverse for the admission of such evidence.

Where it appears, by a calculation, that the jury did not allow credits, of which incompetent evidence was given; the judgment will not be reversed on a bill of exception to such evidence.

UPON a writ of error to the Common Pleas of Lancaster county, the case was thus:

*Henry Brackbill*, to April term, 1817, issued a *scire facias* to revive a judgment which he had obtained against *Richard Johnston*, the plaintiff in error, to January term, 1812.

On the 24th December, 1824, the defendant *Johnston*, put in this plea; "payment, under which he intends to give in evidence the award of referees, mutually chosen by the parties, by which all matters in this suit were settled;" the plaintiff replied, " *non solvit*," and issue was joined thereon.

And now, August 23d, 1825, the cause being reached, and before the jury were called, the defendant offered to add the plea of a submission of the cause of action, in this case, to arbitrators, and an award made in pursuance thereof; which the plaintiff objected to, and prayed the court to direct the plea so offered to be drawn up in form, which is accordingly done, and the counsel for the defendant moves that the same be added, which motion was objected to, and on argument allowed.

The defendant then pleaded that the plaintiff and defendant on the 22d day of March, 1821, submitted themselves, under the penalty of two thousand dollars each, to stand to the award of *David Witmer, John Hamilton*, and *George Hoffman*, " of and concerning the differences then in controversy between them," and that the said arbitrators, on the 30th April, 1821, awarded, " of and concerning the premises," a balance of one thousand three hundred and eighteen dollars and four cents, from the said *Richard*

(Richard Johnston *v.* Henry Brackbill.)

to the said *Henry,* " to be due upon the judgment bond which the said *Richard* had given to the said *Henry;*" and the defendant averred that the bond on which the original judgment was entered was the same bond, and that he had been, and still is, willing to stand to and abide the said award.   To this plea the plaintiff replied that said arbitrators " did not make any such award of and concerning the said premises, in manner and form as the said *Richard* had in his plea alleged." These pleadings were formally drawn out and entered.

The cause being at issue, and the jury sworn, the plaintiffs having shown the original judgment rested; the defendant then gave in evidence the submission and award set forth in his plea.

The submission was in these words:

" Whereas, differences have arisen between *Henry Brackbill* and *Richard Johnston,* which are this day referred amicably by us unto *David Witmer, John Hamilton,* and *George Hoffman,* we the said parties do hereby bind ourselves, our heirs, executors and administrators, each unto the other, his heirs, executors and administrators or assigns, in the penal sum of two thousand dollars, lawful money of the United States, that we will stand to the award, or settlement that the said arbitrators shall make out under their hands."

The award was as follows:

" We the undersigned arbitrators amicably appointed by *Henry Brackbill* and *Richard Johnston,* to settle all matters in variance between the said parties do report, that after hearing the parties, examining their several book accounts, and also taking a judgment bond from said *Johnston* to *Brackbill* into consideration, we find a balance of thirteen hundred and eighteen dollars and four cents due from *Johnston* to *Brackbill,* on said bond."

The defendant having given this submission and award in evidence, the plaintiff offered to prove, that on the 1st June, 1815, he entered as surety of *Richard Johnston* the defendant, into a certain bond with him, to *John Neff,* for the payment of one hundred and twenty dollars with interest.   And also, on the same day that he entered into another bond to *John Neff,* with the said *Johnston,* as surety for said *Richard,* for the payment of a like sum, which said sums, with their interest, he the plaintiff had to pay, and did pay to the said *Neff,* in discharge of the said bonds, on the default of payment by the said *Richard,* before the said submission and award: and that although it was admitted, by the said *Richard,* before the said referees, that said *Henry* had paid the said moneys for him, by inadvertence and mistake, the said sums were not credited to the said *Henry* in the said award; which was not known to him till after the said award was made: which testimony was objected to by the defendant, and received by the court, and a bill of exceptions sealed.

(Richard Johnston *v*. Henry Brackbill.)

The defendant's counsel requested the court to charge the jury, " that the submission and award were a bar to the recovery of the plaintiff in the present action."

The court charged the jury, that the defendant had given no other evidence of payment than that which was proved by this award, and to the amount of the sum credited by the referees the defendant was entitled to a credit.

"But the plaintiff has proved that he as surety of *Richard Johnston*, joined with him in two bonds to *John Neff*, each for the sum of one hundred and twenty dollars, the amount of which two bonds he, *Henry Brackbill* settled with *Neff;* and it was offered to be proved that it was admitted by the said *Richard* before the referees, that *Brackbill* had paid the said monies for him, and that by inadvertence and mistake, the said sums were not credited to *Brackbill* in the award, which was not known to him till after the award was made. The question of fact for you to determine is— has this matter been proved? If it has been clearly made out, you will make the allowance claimed, but if it should appear to you, that *Brackbill* had an opportunity of proving the fact of these payments before these referees, and neglected it—if it does not clearly appear to you that the payment was expressly admitted by *Johnston*—and if it does not appear that there was a mistake, or inadvertence on the part of the referees; and that the award was made on the ground of want of proof of payment of these bonds; then *Brackbill* is bound by it, and he cannot have from you the allowance he claims in this action."

The court also charged the jury that the submission and an award were no bar to the plaintiff's recovery in the present action. Upon this charge the court sealed a bill of exceptions.

The jury found for the plaintiff one thousand six hundred and fifty-nine dollars and forty cents. By a calculation now made, this was ascertained to be the amount of the award with interest.

The plaintiff in error assigned for error.

1st. The admission of the evidence contained in the first bill of exceptions.

2d. That the court below should have answered the point submitted to them by the counsel of the plaintiff in error, in his favour.

3d. That the court erred in instructing the jury, that if the facts were clearly proved, they should make the allowance claimed in consequence of the alleged mistake of the arbitrators in not crediting the amount of the two bonds paid by *Brackbill* to *Neff*, in which he was surety for *Johnston.*

*Porter* for the plaintiff in error, contended that the issue was on the plea of *nul tiel record,* and the evidence offered and received,

(Richard Johnston *v*. Henry. Brackbill.)

was to prove a mistake in making it, and a plain departure from the issue. 1 *Saunders*, 327, *note*, 1. 2 *Saunders*, 84, *b*. & *c. Kidd on awards*, 381. *Fisher* v. *Pascal*, 3 *Yeates*, 564.

On the plea of *non assumpsit*, to an action founded on the award of arbitrators, without notice of special matter, the defendant cannot give mistake of the arbitrators in evidence. *Taylor* v. *Coryell*, 12 *Serg. & Rawle*, 243.

Second error. The award is a bar to the plaintiff and his only remedy is upon the agreement of submission. 1 *Phil. Ev.* [305,] [242,] *Kidd on awards*, 381.

Third error. The award is conclusive upon the parties. 1 *Phil. Ev.* [73,] 305, 306. *Underhill* v. *Van Courtland*, 2 *John. Ch. Rep.* 339. *Todd* v. *Barlow*, 3 *John. Rep.* 367. To avoid it, there must be either fraud in the party, or misconduct in the arbitrators, which must be specially pleaded, or a notice of it given under a general plea. *Davis* v. *Havard*, 15 *Serg. & Rawle*, 165. *Taylor* v. *Coryell*, 12 *Serg. & Rawle*, 243.

*Jenkins* and *Hopkins* for the defendants in error. The verdict by calculation is ascertained to be the amount of the award with interest. This the plaintiff in error admits to be due, and why therefore reverse the judgment. The admission of the evidence then is without prejudice to the plaintiff in error, and if there were error in it, this court will not reverse for an error which has done the party alleging it, no injury, *Collins* v. *Rush*, 7 *Serg. & Rawle*, 147. *Allen* v. *Rostain*, 11 *Serg. & Rawle*, 372--3. *Campbell* v. *Calhoun*, 1 *Penn. Rep.* 140, and the court will look through the whole record to ascertain if any injury has resulted to the party from such error.

The plea was improperly received, and therefore cannot effect the argument. The award was made in 1821, and the plea not put in until 1825, on the trial, and against the consent of the plaintiff. The plea was a plea *puis darien continuance*, and ought not to have been received out of time.

It is here a plea without merits, and besides being out of time, it could not be put in without the payment of all costs up to the time it is put in; for it admits that all was right on the part of the plaintiff up to that time. *Hostetter* v. *Kaufman*, 11 *Serg. & Rawle*, 146.

But the lien of the plaintiff's judgment, and the judgment itself could not be destroyed by the award, without going farther, and proving satisfaction.

The award was no bar for two reasons. First. Because it was made on a plain mistake. Second. It was not an award in this action.

At law an award is conclusive, but in equity it is open to show fraud or mistake. We could not give notice of our ground of re-

(Richard Johnston *v.* Henry Brackbill.)

sistance of the award for it was not pleaded until the trial; and besides, such notice is required from the defendant, and never from the plaintiff.

But it is no award in this action; the submission does not state any action. It referred to "differences which had arisen;" but this judgment was not a difference. It had been ascertained at law, and the payments upon it were but a reduction of that sum.

The award, they contended, was not in this collateral way a legal defence, it was a mere equitable defence, of which the defendant had the full benefit.

*Buchanan,* for the plaintiff in error, in reply. The question is not whether thirteen hundred dollars are due to the plaintiff or not, but whether after a party has submitted his cause of action to arbitrators, he can, when an award has been made on the submission, proceed on the original cause of action. He denied that the plaintiff had an election to proceed on the judgment, or on the submission. His remedy is alone on the submission, and the award is the evidence of the extent of his claim; and a court of equity would enjoin him from proceeding on a judgment, if that was his cause of action, or if he brought suit on the original cause of action, he would be barred, upon the plea of the award; as that cause of action is wholly extinguished by the award.

The plea was properly put in, although that is not an open question here. It is not a *plea puis darien continuance,* but a plea to the further maintenance of the action. The latter is put in where something has occurred after suit brought, but before issue joined, upon which the defendant wishes to rely; the former on something occurring after issue joined. The first plea put in by the defendant, was a plea of payment, with a notice of his reliance upon the award, and the plea put in on the trial was putting into form, that which had been before informally pleaded.

The evidence received was clearly inadmissable. The issue joined was award or no award; and under this issue it was manifestly incompetent to prove that the award was made by mistake. If the award were made by mistake this may be shown, but it must be specially pleaded.

But it is said that no injury was done by this evidence, and to prove this, what is called arithmetical progression is resorted to, to show that the amount of the verdict consists with the evidence, independent of *this* testimony. It is not denied that the court will not reverse for error, where it is plain no injury was done.

But adopt the principle that you may go into the jury box, and by calculation ascertain upon what they decided, and you are at once at sea without a compass: and the sacred rules of the common

(Richard Johnston *v.* Henry Brackbill.)

.law will be lost in a maze of conjecture, as to what influenced the decision of the jury.

The opinion of the court was delivered by

GIBSON, C. J.—The plaintiff having joined issue on the plea of a submission and an award, will fail if the award shown be valid. The defendant relies on strict rules of pleading, without regard to the obvious justice of the case, and is therefore to be held to strict rules of law. The submission was general, "of and concerning the differences then depending between them;" not of all matters in controversy between them in this, or any other action. The award sets forth, that after hearing the parties, examining their several books of account, and taking into consideration a judgment bond *to the* plaintiff from the defendant, the arbitrators find a particular sum due to the former on that bond, without determining how much, or whether any thing were due on the other subjects of difference submitted to, or examined by them. We may conjecture with a probable degree of certainty, that the sum awarded is the general balance; but that is not a necessary or even a natural conclusion. Else why refer it to this particular item of charge? The submission was not of the particular bond, but of the *differences* between the parties, and it seems from the introduction of their books of account, they had several. Now there is no severer rule than, that an award must be not only conveniently certain and mutual, but so final as to terminate all the differences submitted. I admit that this rule is relaxed here in some respects; but we must remember that we are here on rules of pleading, which require greater certainty than is necessary by our ordinary practice. Had the arbitrators awarded a general balance, we would be bound to suppose they had determined all the difference in controversy, and their award would have been mutual, final, and reasonably certain. But they have eluded this conclusion by specially awarding the balance of a particular item, without saying any thing of the rest: so that being bad in this respect they have made no award at all. It may be alleged that the defect, if any, appears on the face of the plea, and that the plaintiff ought therefore to have demurred. But it does not appear by the award pleaded, that more than one subject of difference was laid before the arbitrators, so that it would be impossible to say all had not been decided; while by the award given in evidence, it appears there were several. The evidence therefore, did not support the plea.

The award having been given in evidence, the plaintiff was allowed to prove that certain credits to which he supposed himself entitled, had been omitted by an oversight; and the court charged that an error by mere inadvertence of the arbitrators might still be corrected. Had the award been conclusive, there would have

(Richard Johnston *v*. Henry Brackbill.)

been error in the admission of the evidence, and the direction consequent on it. But it is not easy to see how a vicious award should have a controlling influence on the evidence under the plea of payment. But, putting that matter aside, it appears from the verdict itself, which is exactly for the sum awarded, with the intervening interest, that those credits were in fact rejected. It is said we cannot follow incompetent evidence, or a misdirection into the jury box to ascertain its operation. The law is clearly otherwise. In *Preston* v. *Harvey*, 2 *Hen. & Murf.* 55, and *Wolverton* v. *The Commonwealth*, 7 *Serg. & Rawle*, 273, an error in the admission of incompetent evidence was held to be cured by conclusive proof of the fact, on the ground that the previous evidence could not have had an influence on the verdict. So in *Faulcon* v. *Harris*, 2 *Hen. & Murf.* 550, the admission of incompetent evidence which appeared by the verdict to have been inoperative, was held to be immaterial. And in *Campbell's Executors* v. *Colhoun's Administrators*, 1 *Penn. Rep.* 140, it was held that a misdirection in point of law might be cured by a finding on a distinct ground of fact to which the rule laid down was inapplicable. The principle stated by the chief justice, in *Allen* v. *Rostain*, 11 *Serg. & Rawle*, 374, is founded in justice as well as authority. Our business is not with abstract principles, but injuries from the application of them. As therefore the error of the court in attempting to supply omissions in the award, did not vary the result, the judgment is unimpeachable.

Judgment affirmed.