Tucker, P.
I take it to be a well settled principle, that where a cumulative remedy is given by statute, the party grieved may resort to his common law or his statutory remedy, at his election. But he cannot weld them together, or have the benefit of the statutory provision when he pursues the common law remedy. It may indeed happen, that the statute may authorize the redress in the common law action ; but where it gives a new action with a redress unknown to the common law, that redress can only be obtained by a resort to the prescribed form of action. Thus, at common law, single damages were given in an action of waste. The statute, in that action, gives treble damages ; yet in the action on the case for waste, treble damages cannot be recovered. So a tenant may bring trespass for an illegal distress where no rent was in arrear, and recover double damages, if he founds his action upon the statute, and sets forth the illegal taking by colour of the distress; but he might also sue trespass de bonis asportalis, in the common form, and then he will not recover double damages. So a master may, under the 30th section of the act respecting slaves, 1 Rev. Code, ch. 111. p. 428. and the provisions of subsequent laws, recover double or treble the value of a deported slave, by action on the case as prescribed by the acts. Yet if he brings trespass de bonis asportatis, which is his common law remedy, he can only recover single damages. So for money made on execution, an action lies at common law, and the money, with legal interest only, may be recovered of the sheriff. If the creditor pursues the statute, and proceeds by motion, he will recover 15 percent, interest (not as damages or as a penalty, eo nomine, but as interest). Would any one conceive that in the action of debt at common law, 15 *400 per cent, interest would be given ? So for failure to return an execution, the creditor may, by motion, recover 5 per cent, per month. But if he brings an action on the case at common law, the limit of the recovery would ^ debt, interest and costs. So in case of escapes on final process, case lies at common law; and the auX . thorities are very clear, that m such action the amount ^ ^he debt is not necessarily the measure of damages, but the plaintiff must recover damages commensurate to the injury he has sustained ; Bonafous v. Walker, 2 T. R. 129. He may therefore recover less than the debt; and such also is the law in an action on the case for a rescue, in which the defendant may give evidence, in mitigation of damages, of the ability of the person rescued, and that he is still amenable to justice; Wilson v. Gary, 6 Mod. 211. And such evidence would be clearly proper in the common law action for an escape, which is for such damages as the party has sustained ; and it would be a solecism to say that the creditor was as much injured by the escape of a bankrupt or squalid beggar, as of a wealthy but obstinate debtor. In the action on the case, then, the damages would be graduated by the actual injury; for the creditor may still pursue his debtor, and if he is of ability, he may recover his whole debt, besides the damages which he has compelled the sheriff to pay. 2 T. R. 129. But the statute gave him a shorter proceeding. It provides that the sheriff who permits the debtor to escape shall be liable for the debt itself. It reasons in this way—The body is the creditor’s satisfaction. When it is once taken, he can have none other. If the sheriff had received the amount of the execution in money, hé would have been liable for it in debt; and as he has received the body, as satisfaction, and has released it, he ought to be charged with the debt itself, either on the presumption that he would not have discharged his prisoner without payment, or on the ground that if he did, he ought in *401 justice to stand in his shoes. I have therefore never had a doubt, that in debt for an escape under the statute, the recovery was for the whole sum, and could not be reduced by proof of the debtor’s insolvency, or in any other way, except by evidence of part payment or satisfaction. But in the action on the case, it would be otherwise. Nor is it a wrong to the plaintiff in the latter action, so to limit the amount of his recovery; since he may still proceed to retake his debtor, and compel payment of his whole debt from him.
Such being the law as to the action on the case, how is it as to the action on the sheriff’s bond ? That bond is with condition “ that the sheriff shall in all things truly and faithfully execute his office and it will readily be admitted that a voluntary or permissive escape is a breach of the condition. But the true question is, for what are the sureties liable by occasion of such breach ? The law provides that any person injured may put the bond in suit, and “ recover all damages which he, she, or they may have sustained by reason of the breach.” The recovery, then, is to be confined to the damages sustained; and the sureties are therefore bound to pay those damages, and those damages only. Now, if the escaping debtor was hopelessly insolvent, there could, be no damage, and of course only a nominal recovery. And so if the debtor was of acknowledged ability, though the creditor might be damaged by the delay arid vexation consequent on the debtor’s discharge, and might fairly recover in an action on the bond, yet he has not lost his debt, and therefore his damage cannot be measured by its amount. The notion that the damages are liquidated by statute is unsupported by any authority, and is at variance with the position already established, that in the action on the case the damages are not measured by this supposed principle of liquidation. The truth is, that in reference to the sheriff and his sureties, a difference is clearly *402 made by most of our statutes. The sureties are only liable for damages. These may amount to the debt; they may amount to more ; but they may also amount to less. The sheriff, on the other hand, is often made liable for the debt itself. Thus if, under the old law, l'a^e(f t0 ta^e bail, he was himself proceeded against as bail, and if he did not enter as special bail, there -was a joint judgment against him and the defendant. If he proved insolvent, so that the debt was lost, the sureties were liable on the bond—to pay what ? The debt itself ? By no means : for if so, they too should have been made parties, and have had the privilege of defending the suit. They were, however, liable for any damages sustained. If the debtor was solvent, and was permitted to abscond without giving bail, the sureties -would have been responsible for the whole debt. But in the action on the bond, the plaintiff must have shewn, and the sureties might have contested, even the existence of the debt; for the sheriff might have' done so at common law. Gunter v. Gleyton, 2 Lev. 85. Alexander v. Macauley, 4 T. R. 611. But if the plaintiff had no cause of action, the sureties could not have been charged. And in like manner, if the defendant was á bankrupt, it would have been gross injustice to charge the sureties for the debt; an injustice which will not lightly be presumed to have been designed by the legislature. So in the action for an escape; the sheriff is indeed, upon principles of policy, made responsible for the debt itself. Even this,may often be a hard measure of justice, as there may be constructive escapes, involving neither culpability in the sheriff nor loss to the creditor. Thus, if a prisoner steps out of the jail door for a siugle moment, the door being left open by the jailer, it is an escape. So if, in bringing the defendant to jail, the sheriff passes through the corner of another county, it is an escape. So if he marries a prisoner, it is ipso facto an escape. Ought the law to have provided that in *403 such cases the sureties should be responsible, not only for damages, but for the debt also, whether the debtor be solvent or insolvent? 1 think it ought not to have so provided ; and I think it has not so provided.
I have looked into the case in 7 Serg. & Rawle 273. I am not sure that the law of Pennsylvania is like ours, in declaring the liability of the sureties for such damages as the parly has sustained by reason of the breach. If it be, the case is certainly strongly in point; but it is so inconsistent, I conceive, with the reasonable construction of such a provision, that I decline to follow it.
Upon the question arising in this case, 1 am, for the reasons above declared, of opinion that the instruction moved for was too broad, and therefore was improperly given; and upon the whole, am of opinion to reverse the judgment, and award a new trial, upon which the instruction asked for, and set forth in the first bill of exceptions, is to be refused, if again moved for.
I do not deem it necessary to decide the point made by the second bill of exceptions, as, upon a future trial, the fact of the escape may perhaps be proved by other testimony than the deputy sheriff’s admissions.
The other judges concurred. Judgment reversed, verdict set aside, and new trial awarded.