## McNULTY vs. BATTY and another.

1. ATTACHMENT — PRACTICE. Under an attachment law which allowed the plaintiff and other creditors of the defendants, to come in and file separate declarations on the claims which they might have, admissible under such law, and have separate judgments thereon, and which allowed the plaintiff who brought the action, a priority over the rest. *Held,* that as the plaintiff in his affidavit for the attachment had confined his claim to the amount due on a certain judgment therein specified, that *he* could not be allowed to file and maintain counts for other causes of action admissible under the attachment law and not set forth in such affidavit, and that counts founded on causes of action not so set out were properly stricken out. The case of *Rowen v. Taylor, ante,* commented on, explained and re-affirmed. If the plaintiff had set forth in his affidavit all the claims declared upon, he could have recovered upon them, if proven, and maintain his priority over other creditors.

2. PLEADING — REGULARITY. It is an indispensable pre-requisite that the declaration shall adhere to the form of action adopted in the process and that it conform thereto; otherwise it may be set aside on motion.

3. PLEADING. Where in an action on a judgment record, the defendant pleads a reversal of such judgment by an appellate tribunal and concludes by a general verification, such plea will be held defective on special demurrer, as it should conclude with a verification *prout patet per recordam;* but if such demurrer thereto be overruled and the plaintiff takes issue on the plea and it is found against him; upon error, *held,* that the error is of form and not of·substance, and is waived by pleading over and going to trial. Defects in form, in pleas, are aided by the plaintiff replying to them.

4. ERROR. A court of error will not reverse a judgment or decree, for the violation or non-observance of some abstract principle of law, when it is manifest that the party complaining has not and cannot sustain any injury by it.

5. SAME. Where points of law have been ruled against a plaintiff erroneously, but it is at the same time manifest that he cannot recover in the action, a judgment against him if reversed will be without costs, and without an order for a *venire facias de novo.*

6. EVIDENCE — PRACTICE. The plaintiff in error is as a general rule confined to the objections to evidence taken at the trial and stated in the bill of exceptions; and a court of error will permit no objections to be made which were not urged in the court below. Objections to evidence which are general and do not point out with reasonable certainty the ground upon which they rest, will be held to be too general and of no avail.

ERROR to the District Court for *Iowa* County.
The case is fully stated in the opinion of the court.
*Dunn, Jones & Crawford,* for plaintiff in error.
*O. C. Pratt,* for defendant in error.

MILLER, J.    The plaintiff in error commenced suit by attachment against the defendants.    The affidavit of the plaintiff for the writ set forth the debt claimed, to be founded upon a record of a judgment in Illinois, and stated that the defendants were non-residents of the Territory.    The sheriff returned the writ served by attaching property of *Legate,* one of the defendants, and that the defendants were not found.

At the second term, the plaintiff filed a declaration in the cause upon the said judgment record, and also with two additional counts upon other causes of action.    The defendants before plea filed, moved the court to strike off all the counts in the said declaration, except the said count upon the judgment record, and that the plaintiff be confined thereto, which motion was allowed by the court.    This is the first error assigned.

To authorize an attachment, the defendant must be indebted to the plaintiff in a cause of action arising out of, founded upon or sounding in contract, or upon the judgment or decree of some court of law or chancery. The affidavit required by the act upon which the writ is to be allowed must state the nature and amount of the plaintiff's demand ; by section 7 of the act concerning the writ of attachment, at or before the second term the plaintiff, and every other creditor of the defendant, may file their declarations setting forth in a proper manner their cause of action, and the defendant may plead to any or all of the declarations which may be filed against him. But if the defendant shall not plead as aforesaid, the court at the said second term shall proceed, at the suit of all the said plaintiffs, as in other cases of default.    In the case of *Rowen v. Taylor, ante,* this court decided that the plaintiff could file a declaration on the claim

upon which the attachment was allowed, and also additional declarations, as other creditors, on other and different causes of action, but there must be a separate judgment on each declaration filed. In that case the plaintiff had declared upon a judgment record and other matters, and also upon a contract. The cause was tried upon the two declarations, and the court arrested the judgment. Which of these declarations set forth the debt upon which the attachment was allowed is not stated, but the principle of that case supports the decision of the court in this case, as far as it goes. It is true that one declaration was upon a judgment record and other matters, but there can be no objection to that manner of pleading, for debt on bond, or other specialty may be joined in the same action with debt on a judgment or simple contract. 1 Chitty's Pl. 199 ; *Union Cotton Manf. Co. v. Lobdell*, 13 Johns. 462. In the same manner might the plaintiff declare in this case, if he had set forth all the debts or claims declared upon in his affidavit. Whether the judgment record and other matters declared upon in the case of *Rowen v. Taylor* were all in the affidavit or not, does not appear, but it nowhere appears that there had been a motion to strike off any of the counts. That case is not a precedent for the manner of declaring by the plaintiff in this suit, for this particular point was not raised.

As by the act, the plaintiff must particularly set forth in his affidavit the nature and amount of his debt, and as the attachment is a process to compel a non-resident to appear, by means of his property, the law seems to require peculiar strictness in the proceeding, and does not allow an attachment to issue for more than the debt sworn to, nor require the defendant to answer to more than that one debt in that particular suit. By the act, the attaching creditor is to be first paid out of the property attached, which is an additional reason for confining him, in his declaration, to the debt sworn to ; for if he should be allowed to add counts upon other and

different claims, he might recover a general verdict for more than the debt for which the writ was allowed, and would thereby overreach the other creditors who may have filed their declarations. In order that the plaintiff in the attachment may have full justice, the law is so construed that he, and all other creditors may file declarations for debt or claims other than the one set forth in the affidavit but each one of these declarations must form a separate suit, having reference to the original attachment, and upon which a separate judgment is to be entered.

It will be observed in Chitty's Pleading, 253, 254, that in England it is an indispensable prerequisite of every declaration that it substantially adhere to the form of action stated in the process, and if it deviate, the declaration may be set aside for irregularity. But the objection is not a ground of demurrer to the declaration, but merely of a summary application to set aside the declaration for irregularity. It is well settled that courts have the power to strike out faulty or sham pleadings. Graham's Prac. 217; 2 Cow. 634; 1 Arch. Prac. 90, 103, 104, 190. The case of *Barry v. Taylor*, 1 Pet. 311, referred to, is not in point, because the defendant appeared, entered the bail and pleaded, without raising any objection to the variance between the account filed in the attachment and the declaration. It was proper therefore, for the court to strike off those counts.

The defendant then filed the plea of *nul tiel record*, and a special plea, setting forth that the said judgment declared upon had been reversed by the supreme court of Illinois, and concluded with a general verification, to which the plaintiff demurred specially, alleging for cause that the said plea should have concluded with a verification by the record. The court overruled this demurrer, and the parties then voluntarily joined issue and proceeded to the trial thereof by the court. The overruling of this demurrer is the second error assigned.

The plea set forth affirmatively matter of record, and

should have concluded with a verification; *prout per patet, per recordam.* 1 Chitty's Pl. 404, 591; Lilly's Entries, 644, 645; Mansel on Dem. 99, in 16 Law Library, and cases there cited.

In this decision of the court there is error, but it is an error more in matter of form than substance. The parties afterward put the case to issue, upon which final judgment was rendered by the court. The proper order for the court would have been, to have sustained the demurrer with leave to the defendant to amend; and if the judgment should be reversed here for this reason, the amendment would be allowed. As this merely relates to matter of form, not in the least affecting the rights of the plaintiff, and was followed by pleadings upon which judgment was rendered, it might be proper to consider the amendment as made, or the objection as waived for the sake of substantial justice between the parties. *Albright v. McGinnis*, 4 Yeates, 517.

The business of a court of error is not with abstract principles, but with injuries from the application of them. A judgment will not be reversed on a writ of error, where it appears that the parties sustained no injury from the error. *Overly v. Paine*, 3 J. J. Marsh. 717. Where a party has sustained no injury by the rejection of admissible testimony, he cannot avail himself of the mistake to reverse the judgment. *Smith v. Ruecastle*, 2 Halst. 357. Nor will an erroneous instruction of the court, which works no prejudice to the party, form a ground for reversal of the judgment. *Basly v. Chesapeake Ins. Co.*, 3 Gill. & Johns. 450.

A court of error can follow incompetent evidence or a misdirection to the jury (into the jury box) to ascertain its operation, and will not reverse a judgment if the party has not been prejudiced. *Wolverton v. Commonwealth*, 7 Serg. & Rawle, 273; *Faulcon v. Harris*, 2 Hen. & Munf. 550; *Campbell's Ex'rs v. Calhoun's Adm'rs*, 1 Penn. 140; *Allen v. Rostain*, 11 Serg. & Rawle, 374; *Johnston v. Brockbill*, 1 Penn. 364.

Defects of form of, in pleas, are aided by the plaintiff's replying, Story's Pl. 52 ; 1 Chitty's Pl. 671, and cases there cited ; but whether the plaintiff, by his voluntary replication concluded himself, need not now be decided.

We are of opinion that the error complained of, being followed by the parties pleading to issue, and a judgment upon the merits of that issue, has not so prejudiced the plaintiff as to require a reversal of the judgment, particularly as it is certain that the plaintiff cannot recover. *Evans v. Gee*, 11 Pet. 80 ; *United States v. Carlton*, 1 Gallis. C. C. 400. Even if this court should feel justified in reversing the judgment, upon this assignment of error, it should be without costs and without an order for a *venire facias de novo*. *Miller v. Rallston*, 1 Serg. & Rawle, 309 ; *Reed v. Collins*, 5 id. 351 ; *Ebensoll v. King*, 5 Binn. 53.

For these reasons the court will not reverse the judg· ment upon this assignment of error.

The third error assigned is, for allowing the transcript of the judgment of the supreme court of Illinois to be read, as the same was not legally authenticated. Upon examination of the record and bill of exceptions it will appear " that the defendant's counsel offered to read the transcript, purporting to be from the records of the supreme court of Illinois, of the reversal and setting aside of the said judgment declared on by the plaintiff, upon a writ of error. To the reading of the said record, the plaintiff, by his counsel, objected ; but the court overruled the objection and permitted the same to be read, to which the plaintiff, by his counsel, excepted.

It appears that the ground of objection to this evidence is first made upon the record in this court. The general rule is that the plaintiff in error is confined to the objections taken at the trial and stated on the face of the bill of exceptions. *Boring v. Shippen*, 1 Binney, 168 ; *Wolverton v. The Commonwealth*, 7 Serg. & Rawle, 277. On a bill of exceptions to the admission of a paper for want of proof of authenticity, a court of error will permit no ob-

jection to be made which was not urged below. *Burke v. Myers*, 6 Serg. & Rawle, 12 ; *Parnell v. Sedgwick*, 5 Wheat. 336 ; *Hinds' Lessee v. Longworth*, 11 id. 199. In *Camden v. Doremus*, 3 How. 515, the supreme court refused to pass upon an assignment of error, where a bill of exceptions and record were returned as in the case now under consideration. The judge in his opinion remarks that " after each deposition offered in evidence by the plaintiff, it is stated that to each reading of such deposition the defendant, by his counsel, objected, and that his objection was overruled. A similar statement is made with regard to the record of the suit instituted in the court of Hinds county. With regard to the nature and import of this objection, we would remark that they were of a kind that should not have been tolerated in the court below, pending the trial of the issue before the jury. Upon the offer of testimony oral or written, extended and complicated as it may often prove, it could not be expected, upon the mere suggestion of an exception which did not obviously cover the competency of the evidence, nor point to some definite or specific defect in its character, that the court should explore the entire mass for the ascertainment of defects, which the objector himself, either would not or could not point out. It would be more extraordinary still if, under the mask of such an objection or a mere hint at an objection, a party should be permitted in an appellate court to spring upon his adversary defects which it did not appear he ever relied on ; and which, if they had been openly and specifically alleged, might have been easily cured.

It is impossible that the court can determine, or do more than conjecture, as the objection is stated on this record whether it applied to form or substance ; or how far in the view of it presented to the court below, if any particular view was so presented, the court may have been warranted in overruling it. " We must consider objections of this character as vague and nugatory, and if entitled to weight anywhere, certainly as without weight be-

fore an appellate court." It is the decision of this court, upon the authorities cited, that where a general objection is made in the court below, to the reception of testimony, whether oral or written, without stating the grounds of the objection, it will be considered as vague and nugatory, and should not be tolerated in the court below. It is therefore ordered that the judgment of the district court be affirmed.