HARMON D. HULL *et al. against* VIRGIL L'EPLATINIER.

Under the power given by 2 R. S. 534, § 1, subd. 8, to courts of record to punish by fine and imprisonment any misconduct by which the rights or remedies of a party in a cause may be defeated, prejudiced, &c., "in all other cases where attachments and proceedings for contempts have been usually adopted and practiced in courts of record," the court may, on motion, punish by fine and imprisonment a person not a party to the suit for conspiring with a party to it, or with other persons, to put in incompetent and worthless sureties on appeal.

For the purpose of fixing the amount of the fine to be imposed sufficient to indemnify the party for his actual loss or injury (under 2 R. S. 538, § 521), the court may, in such a case, take the amount of the judgment recovered against the surety in the undertaking as the amount of the party's actual loss and injury.

APPEAL from an order of this court made at special term.

An application was made at special term to punish one James Lee for contempt, and the court there (J. F. DALY, J.) delivered the following opinion, in which the facts are fully stated:

"In an action brought by Emeline Lee against Harmon D. Hull and Anna C. Hull, the defendants obtained a judgment against the plaintiff for $197 costs, on April 7, 1873, in this court. An appeal was taken by Emeline Lee, the plaintiff, from that judgment, and an undertaking given. Virgil L'Eplatinier, Jr., was one of the sureties in the undertaking. The sureties were excepted to, and upon justification L'Eplatinier swore that he was an importer of Swiss balsam at 147½ Franklin street; that he was a householder in the city, and was worth one thousand dollars over all his debts and liabilities. It now appears that L'Eplatinier, at the time he executed the undertaking and made the oath on his justification, was under the age of 21 years; that he was not an importer, but a sign painter; and that he lived with his father. Action was brought, and judgment recovered against him on the undertaking for $325 90, and execution issued, which was returned *nulla bona.*

"The evidence before me on this application satisfies me that L'Eplatinier and James Lee united in the scheme to offer a worthless surety on the undertaking, and for that purpose deceived the attorney for the appellant, as well as the respondent and the court, in representing the surety to be of full age, to be an importer, a householder and a sufficient surety. James Lee is the husband of the appellant Emeline Lee; he took entire charge for his wife of the litigation, and procured the sureties on the appeal. The letter written by James Lee to the father of the surety, instructing him to 'put your folks on the guard as to how to answer any one that might inquire as to your son being an importer, &c.,' is not consistent with his innocence of the imposition that had been practiced, but indicates a guilty knowledge of it. The elder L'Eplatinier was the agent of James Lee to collect rents, &c., and was acting confidentially for him in several matters, and the relations between them confirm the statements in L'Eplatinier's deposition as to the con-

versations in which Lee was informed of the truth as to the surety's age, business, &c. James Lee, therefore, knowingly caused the undertaking to be given and the justification by the surety in which the false statements were made. Lee went with the surety to the office of the appellant's attorney to have the undertaking executed, and went to the court with the attorney and the surety to justify.

"While it may be doubtful, if James Lee, who was not a party to the suit in which the undertaking was given, can be punished under the provisions of the second subdivision of section 1, of title 3 (2 R. S. 534), providing for the punishment of "parties to suits for putting in fictitious bail or sureties," he is liable to punishment, even as a stranger to the action, under the general provisions of the eighth subdivision of the same section and title of the Revised Statutes. The statute provides that every court of record shall have power to punish by fine and imprisonment, any misconduct by which the rights or remedies of a party in a cause may be defeated, impaired, impeded or prejudiced, in 'in all other cases where attachments and proceedings as for contempts have been usually adopted and practiced in courts of record, to enforce the civil remedies of any party to a suit in such court, or to protect the rights of any such party' (2 R. S. 534, 535).

"Perjury has always been held a great contempt of court (*Stockham* v. *French*, 1 Bing. 365). If the plaintiff in the cause or his attorney can be connected with the false swearing of the bail, the court will punish them and has the power to do so (*A'Becket* v. ———, 5 Taunt. 775). And where two people put in bail in feigned names, and could not be prosecuted for personating bail under the statute (21 Jac. 1, c. 20), because there were no such persons, the bail and the attorney were both punished for the contempt (*Anonymous*, 1 Strange, 384). Any person who adopts any means to prevent the course of justice will be liable to punishment for contempt (13 Mees. & Welsby, 593). And strangers, as well as parties to suits, are liable to punishment for contempt, for using force or fraud to pervert the course of justice (*Smith* v. *Bond*, 2 D. & L. 460; see also 9 Jur. 20; and 14 L. J. Exch. 114). No plainer case

of an attempt to pervert or to defeat the course of justice can be shown than that of the agent of a party to a suit who procures a surety to make a false affidavit in justification, or who knowingly procures an utterly insufficient surety, and represents him or causes him to represent himself to the court as sufficient, and induces him to make a false oath to the same end. It is a great abuse, and directly tends to impair and prejudice the rights and remedies of the adversary in the litigation.

" Such a case is made out, in my judgment, against James Lee, and I therefore direct that he pay to the plaintiffs or their attorney, as fine, a sum equal to the amount of the judgment against the sureties on the undertaking, together with the expenses of this proceeding, and that he be imprisoned until the fine be paid, such imprisonment not to exceed sixty days (2 R. S. 538, §§ 20, 21, 25)."

From the order entered in accordance with this decision, an appeal was taken to the general term.

DALY, Chief Justice.—The statute confers upon every court of record the power to punish by fine and imprisonment any misconduct by which the rights and remedies of the party in a cause, or matter depending in such court, may be defeated, impaired, impeded, or prejudiced, in all cases where attachments and proceedings for contempts have been usually adopted and practiced in courts of record to protect the rights of any party to a suit (2 Rev. Stat. 534, § 1, subd. 8).

The act of which Lee was guilty was misconduct of this description, and it is that species of misconduct where attachments in proceedings as for contempts have, in the language of the statute, been usually adopted and practiced in courts of record to protect the rights of a party to a suit (*Anon.* 1 Strange, 384 ; *Smith* v. *Bond,* 13 Mees. & Wells.)

Lee, in a suit in which his wife was the plaintiff, in which judgment had been given against her, and from which she had appealed, knowingly procured a minor to become surety in the undertaking upon the appeal, who, with Lee's knowledge,

made an affidavit, stating that he was a householder, an importer of Swiss goods, at No. 147½ Franklin street ; that he was worth over $1,000 above his debts and liabilities, and that his property consisted of imported goods, and of stock in business, and fixtures in trade ; when the fact was that he was not an importer, but a sign painter, at 170 West Broadway ; not a householder, but a minor, living with his father at 147½ Franklin street, where they kept house together, but paid no rent, his father being the agent for the owner of the house, and who received the use of the premises as a part of his compensation as such agent. It also appeared upon the motion that Lee told the father of the minor who became the surety that he, Lee, did not want to give a good bail at the time in the suit, and that nothing could be done to his son, as he was an infant; and that Lee wanted the father to make an affidavit in contradiction to the one he had made in the proceeding.

It also appeared, further, that before the young man became surety that his father told Lee that he was only 19 years of age ; to which Lee replied, "That makes no difference ; it is only a matter of form ; your son will do." That when the young man himself went to the lawyer's office to become bail, he stated when he was born, showing he was only 19 years of age ; that the lawyer said, "That won't do, Mr. Lee," and that Lee said to the young man, "Are you not 24? well you could pass for 24," upon which the young man went with Lee and the lawyer to the court room.

And as evidence of Lee's interest in the suit brought in his wife's name, it appeared by an affidavit that he told the person who made the affidavit that he was doing business in his wife's name, in order to protect his property from his creditors.

Upon the appeal, judgment was given against the appellant; an action was brought upon the undertaking, and judgment recovered for $325 94, the amount recoverable in accordance with the condition of the undertaking, and an execution was issued, which was returned *nulla bona.* For this misconduct and contempt the judge below, after a full hearing, upon notice to Lee, who appeared with his counsel and opposed the motion, imposed a fine upon him equal to the judgment against the

Hull v. L'Eplatinier.

sureties on the undertaking, together with the expenses of the motion or proceeding, and ordered that he be imprisoned until the fine was paid, the imprisonment not to exceed 60 days. This, in my opinion, the judge had the power to do, and the amount which he imposed was the proper measure of the loss and injury which the defendant may be assumed to have sustained by having this incompetent and worthless surety imposed upon the court and the party by means of a false statement under oath as to the qualifications and sufficiency of the surety; which Lee, to enable his wife to bring an appeal from the judgment rendered against her, was instrumental in bringing about; in accomplishing which, as is evident from what appeared upon the motion, he was the principal and chief agent.

If the defendant had had what he was entitled to, a respon-. sible surety upon the appeal, it would have been a security for the amount of the undertaking. This he lost by the fraudulent acts and misconduct of Lee, and the false swearing of the minor, whom he procured to become a surety, and the amount of the judgment upon the undertaking was therefore a proper measure of the defendant's loss and injury, it appearing, by the issuing and return of an execution, that nothing could be collected from either of the sureties upon the judgment.

It does not follow that because the surety might be indicted for perury in the making of such an affidavit, or that Lee might be indicted for what he did, that the court have not the power, under the provision referred to in the Revised Statutes, to punish Lee for his misconduct by imposing upon him a fine sufficient to indemnify the defendant in the action for the loss and injury which Lee was chiefly instrumental in producing.

The order should be modified, however, by reducing the amount of the fine, by $29 84, as that amount was collected upon the execution issued upon the judgment for the defendant in the suit brought in the name of Mrs. Lee; and in all other respects the order should be affirmed.

Loew and Larremore, JJ., concurred.

Ordered accordingly.