(Reversing ante, p. 62).
March, 1886.
The decision of the City Court of New York, that the interposition of a verified answer, known by the defendant to be false, was punishable as a contempt,—reversed.
Appeal from a judgment of the general term of the city court of New York,* affirming an order of the special term, reported, ante, p. 62, adjudging defend *108 ant in contempt in serving a verified answer which he knew to be false, to obtain sufficient delay to enable him to place his property beyond plaintiff’s reach, and defeat the subsequent collection of the judgment, and fining defendant the full amount of the judgment and costs, and committing him until payment.
The court of common pleas† reversed the judgment of the city court without opinion. The court held that “ defendant was guilty of perjury in swearing to said answer, and also of a deceit and abuse of a proceeding of the court,” and that his ofíense might be punished either under Code Civ. Pro. § 14, subd. 8, “as a case where an attachment or any other proceeding to punish for a contempt has been usually adopted, and practiced in a court of record, to enforce a civil remedy of a parly to an action or special proceeding in that court, or to protect the right of a party;” or under subdivision 2 of the same section “ ¡is a deceit or abuse of a proceeding of a court by a party to an action, provided in either case that a right or remedy of a party has thereby been defeated, impaired, or impeded, 01 prejudiced.” N. Y. Daily Reg. Feb. 12, 1886; opinion by Hall, J., Browne, J., concurring. Counsel contended :—I. There was no perjury because the answer was literally true. There was no sufficient evidence to justify the adjudication that the answer was false. The judge had no power after judgment, upon ex parte affidavits, to determine the question (Wayland v. Tysen, 45 N. Y. 281; Thompson v. Erie R. R. Co., Id. 468). Even if defendant was guilty of perjury, his act was not punishable as a private or civil contempt of court under Code Civ. Pro. § 14, subd. 2, the word deceit therein referring to the court, and a false pleading, verified or not, is not within its meaning. Perjury per se is not a punishable contempt though committed in presence of the court (State v. Terence, 20 Reporter, 650). See Harrington v. Goepp (Supm. Ct. 1st Dept. April, 1881), where a judge of the city court was held liable for false imprisonment in committing plaintiff for contempt, in serving upon the trial a verified amended answer in conflict with his original verified answer, which the judge found to be false. See the language of Finch, J., in People ex rel. Munsel v. Oyer & Terminer, 3 Eastern Rep. 563, 567. Ho precedent can be found for defendant’s punishment under Code Civ. Pro. § 14, subd. 8. The city court is a court of inferior jurisdiction; and ihe fact that it has been made a court of record, does not enlarge its power to punish con-tempts (Rutherford v. Holmes, 5 Hun, 317; aff’d 66 N. Y. 368; Queen v. Lefroy, L. R. 8 Q. B. 134; 4 Moak's Eng. 250; and see article in 23 Alb. L. J. 145).
II. Under Code Civ. Pro. § 2284, the amount of fine is limited to the actual loss or injury, which must be ascertained by proof according to the rules of law, which would apply in an action for such damages. Sudlow v. Knox, 7 Abb. Pr. N. S. 411; Dejonge v. Brenneman, 23 Hun, 332; Clark v. Bininger, 75 N. Y. 344, 352; King v. Flynn, 37 Hun, 329.