McAdam, C„ J,
Gonzales Poey and another person became sureties upon an undertaking on appeal. Each surety swore that he was worth $1,600 over and above all his debts and liabilities, and exclusive of property exempt by law from execution. The sureties were excepted to, and on the justification Poey testified that his total indebtedness did not exceed $300. This was on May 23, 1885. The judgment appealed from has been affirmed, execution has been issued thereon and returned unsatisfied. Judgment was recovered against the sureties, and an execution thereon has been issued and returned unsatisfied. Poey’s co-security has failed and is now insolvent.
In December, 1885, Poey executed a chattel mortgage-to a relative, to secure the payment of $1,000 on demand, and on an examination had Poey testified under oath that this $1,000 was owing prior to and at the time he justified as a surety on the appeal bond herein. Poey was an incompetent and worthless surety, and his conduct in appearing in open court and insisting on his sufficiency under oath, was a fraudulent imposition on the court, to the prejudice of the plaintiff, and presents a case of gross contempt. Hill v. D'Eplatinier, 5 Daly, 534; Eagan v. Lynch, 3 Civ. Pro. R, 236; Nathans v. Hope, 5 id., 401.
Courts cannot permit the course of justice to be stayed or prevented by fictitious or fraudulent bail, and where an imposition has been successfully practiced, the court owes it to the injured party and to the due administration of justice that its dignity be asserted and the fraudulent surety punished by fine, to the end that the loss occasioned be made good if possible. The excuse offered by the surety does not justify or mitigate the wrong committed, and merely shows an indifference and inattention not at all creditable to an intelligent man. The surety will, therefore, be fined the amount of the judgment, $127.17 (less fifty dollars paid on account), this being the actual loss and injury caused by him (Code, § 2284), and the surety will be imprisoned for three months unless he sooner pays the amount of said fine, or be otherwise discharged. Code, § 2285.