Nehjrbas, J.
This is a motion to punish for contempt James Sutton, one of the sureties on the undertaking given herein by the defendant upon an appeal>to the court of common pleas, on the ground that upon the justification he made oath to statements which were known to him to be false, whereby the undertaking became worthless.
The examination taken under proceedings supplementary to execution herein, before a referee, in which said surety as'.well as his co-surety and other witnesses testified, and the additional affidavits submitted, satisfy me that some of the statements made by said surety (who was also the president of the defendant' corporation), upon his justification as such surety, were not true, aiid were known to him at the time to be untrue; and that he was then insolvent, with no present means of meeting the obligation into which he had entered as surety, and with no intention of paying the same.
For instance, he swore upon the justification on January T, 1886, that his total indebtedness was between $300 and $400, whereas he admitted upon his examination before the referee in September last that he was then indebted to his wife in the sum of at least $5,000 upon a note made to her in 1883, for $20,000, which he had reduced to the former amount in the interim. His-wife, in the affidavit now submitted by her, relinquishes all claim to any indebtedness due her from her husband, but this cannot alter the facts sworn to.
The surety’s intention not to pay appears, from the fact sworn to by him, that although not personally liable upon any paper issued by the defendant corporation prior to January 7, 1886, .either as indorser or maker, still a few days thereafter, on the 12th and 16th of the same month, he personally indorsed all the *907 renewal notes given by tbe defendant to parties to which it was indebted, in various large amounts, he knowing its then financial condition. Shortly thereafter the corporation failed, and its president, the surety aforesaid, succumbed with it. A new corporation was immediately formed, and named the Aldine Press, of which Mr. Sutton now appears to be the general manager, at a salary of $250 a month. From the manner in which the business of the defendant was conducted, mainly through its president, as general manager, the sale of the machinery, fixtures, etc., the repurchase thereof at a loss by the president, their resale to creditors, and the subsequent leasing of the same to the defendant and the new corporation, the Aldine Press, and the management of both corporations, which were principally composed by the president and treasurer (the sureties on the undertaking) and their wives, and the foreman of the printing presses, I am satisfied that the sureties on the undertaking referred to were fictitious.
Thus far I agree with the plaintiff upon this motion. But now comes the question of the power of this court to punish these offenses as for a contempt.
Subdivision 2 of section 14 of the Code provides that a court of record has power to punish “ a party to the action or special proceeding for putting in fictitious bail, or a fictitious surety, or for any deceit or abuse of a mandate or proceeding of the court.” ' It is manifest that this does not cover the present case. The person sought to be punished is not a party to the action. It has been held that a corporation may be fined as for a contempt (The Mayor, etc., v. The N. Y. & S. I. Ferry Co., 64 N.Y., 622). So that the defendant might have been so fined. But as-it is now insolvent and has practically ceased to exist, that remedy would be fruitless.
But it is claimed that under subdivision eight of the same section, a person not a party to the action may be reached under the present proceeding; and in support of this position, the case of Hull v. L’Eplatinier (5 Daly, 534), is relied upon. In that case it was held that a stranger to the suit may be punished as for a contempt for conspiring with another to become surety on an undertaking on appeal, by falsely swearing to the ownership of property, when he is in fact insolvent. Under the eighth subdivision of section 1, title 3, 2 II. S., 534, which is substantially re-enacted into subdivision eight of section 14 of the Code supra* Judge Daly, delivering the opinion at special term, says: “ Perjury has always been held a great contempt of court (citing Stockham v. French, 1 Bing, 365).Any person who adopts any means to prevent the course of justice, will be liable to punishment for contempt (13 Mees. & Welsby, 593). And strangers as well as parties to suits, are liable to punishment for contempt, for using force or fraud to prevent *908 the course of justice (citing Smith v. Bond, 2 D. & L., 460; also 9 Jur., 20, and 14 L. J. Exch., 114. This was affirmed by the general term, Daly, C. J., writing the opinion, who says, “if the defendant had had what he was entitled to, a responsible surety upon the appeal, it would have been a security for the amount of the undertaking. This he lost by the fraudulent acts and misconduct of Lee and the false swearing of the minor, whom he procured to become a surety; and the amount of the judgment upon the undertaking was therefore a proper measure of the defendant’s loss and injury, it appearing, by the issuing and return of an execution, that nothing could be collected from either of the sureties upon the judgment. It does not follow that because the surety might be indicted for perjury in the making of such an affidavit, or that Lee might be indicted for what he did, that the court have not the power, under the provision referred to in the Revised Statutes, to punish Lee for his misconduct by imposing upon him a fine sufficient to indemnify the defendant in the action for the loss and injury which Lee was chiefly instrumental in producing.” This decision was rendered in June, 1875.
Since then, the case of Moffatt v. Herman, was decided by the general term of the court of common pleas. In that action an order was made punishing the defendant as for a contempt, for putting in a verified answer, known by him to be false, whereby the plaintiff was defeated out of the amount of his claim. Judgment was obtained by default, and an execution returned unsatisfied. The day subsequent to the service of the false answer, the defendant transferred all his property to a corporation, receiving in payment certain stock, which he immediately disposed of to other alleged creditors. The defendant was fined the amount of the judgment and costs of the proceedings under subdivisions two and eight of section 14 of the Code, already referred to, as for “ an abuse of a proceeding of the court.” The general term of this court affirmed the. order of the special term in an opinion reported in 8 Civil Proc. Rep., 879. Upon appeal to the general term of the court of common pleas, that court reversed the order appealed from, without writing an opinion (See 17 Abb. N. C., 107). This decision was rendered in March, 1886.
The conclusion necessarily following from this decision is twofold, namely, that “ perjury is no longer a great contempt of court,” and that “ although a party to an action by a false pleading, which is a proceeding of the court, has effectually deprived his adversary of the legitimate relief sought by him, the former is not guilty of a contempt of court.” It might well be said in that case: “ If the plaintiff had had what he was entitled to — a judgment by default for failure to answer — he would have been able to collect his judgment. This he lost by the *909 fraudulent acts, misconduct and false swearing of the defendant in putting in a false answer; and the amount of the judgment recovered and the costs of the proceeding was therefore a proper measure of the defendant’s loss and injury, it appearing, by the issuing and return of an execution, that nothing could be collected upon the judgment.”
It seems to me, therefore, that the principles laid down in Hull v. L'Eplatinier (supra), have been overruled by Moffatt v. Herman (17 Abb. N. C., supra), and that the former case cannot be considered as decisive of the present motion.
When the personal liberty of a citizen is involved it behooves me to hesitate, when the decisions on the subject of contempt, of the court of final resort, so far as this court is concerned, are diametrically opposed. It would be manifestly unjust to incarcerate the surety for several months upon a fine of some fifteen hundred dollars when the question of punishment for his misconduct is involved in so much doubt. The accused person is certainly- entitled to the benefit of that doubt, and the present motion should be decided in his favor.
While this result may work a hardship upon the plaintiff, it would operate still more onerously upon the delinquent surety, were he to be committed erroneously, and thus be deprived of his liberty, for which money, is, at best, an inadequate indemnity. •
The motion to punish will, therefore, be denied, with $10 costs.