Hyatt, J.
The learned judge below found the facts to be well proven in these words :
“The examination taken under proceedings supplementary to execution herein before a referee, in which said surety, as well as his co-surety and other witnesses testified, and the additional evidence submitted, satisfy me that some of these statements made by the said surety (who was also the president of the defendant corporation) upon his justification as such surety, were not true, and were known to him at the time to be untrue. And that he was then insolvent, with no present means of meeting the obligation with which he had entered as surety, and with no intention of paying the same;” and he thus concludes: “I am satisfied that the sureties on the undertaking referred to were fictitious.”
The court held, however, as a matter of law, that it had no power to ■ punish the guilty party for contempt under subdivision 2 of section 14, Code of Civil Procedure, pro *335 viding that a court of record has power to punish “ a party to the action or special proceeding for putting in fictitious bail or a fictitious surety, or for any deceit or abuse of a mandate or proceedings of the court.” That such provision did not cover the present case, in that the person sought to be punished was not a party to the action.
Section 2284, Code of Civil Procedure, provides that a corporation may be fined for contempt, and in The Mayor, etc., v. The N. Y. and S. I. Ferry Co. (64 N. Y., 622), it was held that a corporation may be .punished for contempt.
Where the policy of the law is directed to a corporation it cannot be evaded by its officers procuring that to be done in its name for which a natural person would be punished; the corporation could not commit the act of contempt except through its executive officers. It logically follows, therefore, that its president and secretary must necessarily be hable for an act done by them under the corporate name, which but for them the corporation could not have done. Davis v. Mayor 1 Duer., 451; People v. Compton, 1 id., 512.
The learned judge held that because “the corporation is now insolvent and has practically ceased to exist, that the remedy would be fruitless.” This is no answer, however, why the president should not be punished individually. Hoff v. Collector of Jasper Co., 20 Am. L. Reg., N. S., 435.
The court belo^y adopted the view that this application could only be sustained under subdivision 2 of section 14, Code of Civil Procedure.
This was error, not only in treating the surety as a party to the action, but also in not pushing the offending surety for putting in a fictitious bail. The corporation could be punished for the act under subdivision 2 of section 14, and the surety punished under subdivision 8 of the same section.
But the power of the court is not limited to the cases specified in section 14; it has been so expressly decided by the court of appeals in reviewing the classification of con-tempts, civil and criminal, and the punishment therefor as provided by the Code of Civil Procedure. People ex rel Munsell v. Court of Oyer and Terminer, 101 N. Y., 245.
In the case at bar, it is sought to punish a surety for contempt in becoming fictitious bail whereby the right or remedy of the plaintiff has been defeated or impaired. Recent adjudications clearly establish the right of courts of record to punish for contempt, and that tho conduct of an incompetent and worthless surety^ in appearing in open court and insisting on his sufficiency under oath, is a fraudulent imposition on the court to the prejudice of the plaintiff, and presents a case of gross contempt. Hull v. *336 L'Eplatinier, 5 Daly, 534; Eagan v. Lynch, 3 Civ. Pro. R., 236; Stephenson v. Henson, 6 id., 43, 50; Diamond v. Knoepfel, 3 N. Y. State Rep., 291.
The perjury of a party does not of itself constitute a contempt; it is by the evidence of the misconduct of the party. But the insolvency or fictitiousness of the surety and his consequent imposition upon the court is the actual contempt for which punishment is imposed.
Such punishment should have been imposed in this case.
The order denying the motion should be reversed and the motion should be granted.