McAdam, Ch. J.
I concur in the conclusion arrived at by Judge Hyatt, for the reason that the facts have been found against the surety by the court below, and the common pleas have authoritively declared that the power to punish a surety for contempt exists, although he is not technically a party to the action. Hull v. L'Eplatinier, 5 Daly, 534.
This court has nothing to do but follow the instruction of. our appellate court by imposing the proper fine, which may be done on the settlement of the order by Judge Hyatt. • The merits have been disposed of, so that the rehearing at special term is unnecessary.
. It is true that Nathans v. Hope (5 Civ. Pro. R., 401), in which the fraudulent surety was fined as for contempt, was reversed by the court of appeals (100 N. Y , 615), but not on a question of power, but on the insufficiency of the proofs. The circumstances of it leave the implication that if the proof had been sufficient the order made would have been affirmed.
Judge Hyatt will settle the order.