Steward
v.
Hotchkiss.

---

STEWARD, SEYMOUR & HIGGINBOTHAM, executors of SHER-
MAN, *against* HOTCHKISS.

In assumpsit,
the defendant
pleaded    the
general issue,
and a second
plea, false in
fact, and about
which    there
was    some
doubt as to its
goodness    in
point of law ;
and on motion
by the plain-
tiff, the court
ordered    it
stricken out.

ASSUMPSIT.  *J. Platt*, for the plaintiff, moved that the
defendant's second plea be stricken out, with costs, on the
ground that it is untrue, and was pleaded as a sham plea.

The motion was grounded on the following affidavits :
1st. An affidavit by the plaintiffs' attorney, that on the 21st
April, 1824, he received from the defendant's attorney two
pleas, one of which was the general issue ; the other, a
special plea, which is given below ; that this plea contains
about 7 folios, and is, as he is informed and believes, utterly
false in point of fact, and is entirely a sham plea ; that he be-
lieves it is pleaded solely for vexation and delay, and that the
defendant has no defence whatever in the cause.

*Second plea* :—" That after the making of the said seve-
ral supposed promises and undertakings, in the said plain-
tiffs' declaration mentioned, and before the commencement
of this suit, to wit, on the 1st day of November, A. D. 1823,
at, &c., the said plaintiffs and the said defendant accounted
together, of and concerning the several sums of money in the
plaintiffs' declaration mentioned, and so due and owing from
the said defendant to the said plaintiffs, as executors as afore-

said, and of and concerning divers other sums of money then due and owing from the said plaintiffs, as executors as aforesaid, to tne said defendant; and upon that accounting, the said defendant was then and there found in arrear, and indebted to the said plaintiffs, as executors as aforesaid, in the sum of 250 dollars and no more; and the said defendant, in full payment, satisfaction and discharge of the said sum of 250 dollars, in which he was so found in arrear and indebted as aforesaid, then and there made and delivered to the said plaintiffs, his certain promissory note, bearing date on the same day and year last aforesaid, whereby he, the said defendant, for value received, promised to pay the said plaintiffs, as executors as aforesaid, the said sum of 250 dollars, within ten days after the date of the said note; which said promissory note the said plaintiffs, as executors as aforesaid, then and there accepted and received, in full payment, satisfaction and discharge of the moneys so found due and in arrear as aforesaid, and of the several promises and undertakings, in the said plaintiffs' declaration mentioned: And the said defendant, in fact, further saith, that afterwards, and before the commencement of this suit, to wit, on the 30th day of November, in the year last aforesaid, at, &c., aforesaid, he paid and satisfied to the said plaintiffs the full amount of the said last mentioned promissory note, to wit, the aforesaid sum of 250 dollars, which the said plaintiffs then and there accepted and received in full payment, satisfaction and discharge of the moneys so found due and in arrear, as aforesaid, and of the several promises and undertakings in the said plaintiff's declaration mentioned: And this, &c., wherefore, &c."

The affidavit of the plaintiffs, Seymour and Higginbotham, stated, that they had never jointly or severally stated an account with the defendant, of and concerning the moneys sought to be recovered in this cause, or any other moneys due from the defendant to the plaintiffs, as executors of Sherman, nor had the defendant ever given to the plaintiffs, or either of them, in settlement, payment, satisfaction or discharge of their said demands against him, his note for the sum of 250 dollars, or any other sum, nor had the defendant

ever paid the plaintiffs, or either of them, the sum of 250 dollars, or any other sum, in satisfaction and discharge of the demands of the plaintiffs in this suit ; that their co-plain-tiff, Steward, had never taken any part in the management of the estate of the said Sherman, and had never, to their knowledge or belief, in his capacity of executor of Sherman, made any settlement with, or received any money from the defendant, or any other debtors of the estate of Sherman ; and that the plea is a sham plea, and false in point of fact in every particular ; and that the defendant had not, to their knowledge or belief, any defence either legal or equitable in the cause.

The affidavit of the defendant's attorney denied that the plea was interposed for vexation or delay, and showed that by the course of the circuit, in the county where the venue was laid, no delay would be produced ; that he believed the plea good in point of form ; but no affidavit of the defendant was produced as to the truth of the plea in point of fact, nor did his attorney swear that he believed it true.

*Stower*, contra, said the ground of vexation and delay failed. There was ample time to reply, and notice the cause for the next circuit in the county where the venue is laid. The plea is good both in form and substance. The case of *Strong* v. *Smith*, (3 Caines' Rep. 160,) shows this ; nor will it be denied. Then the application must rest entirely on the ground that the plea is not true, and the defendant may, upon the same ground be deprived of the general issue. Why confine the application to the second plea? This is not the manner in which the plaintiffs can avail themselves of falsehood in a plea. They should reply. They may then notice their cause as an inquest; (Reg. Gen. Nov. T. 1808 ;) and unless the defendant swear to merits, they may take their inquest even out of its order on the calendar. It is true that, formerly, false pleas were set aside with costs, but this practice has been long since exploded. These pleas are now allowed, though not encouraged. (1 Chit. Pl. 526, and the cases there cited.)

*Platt*, in reply, said it was not material whether the plea was good on its face or not ; if false, it should be stricken out. If false pleading be allowed at all, the defendant should be allowed to plead but one plea ; here he has pleaded two. He should be thrown back to his common law right, which allowed of but one plea. This is the only mode, according to the modern practice, in which the Court can check the abuses incident to the privilege of pleading double. It is not confined so strictly as the old practice upon this head, which required an affidavit of the truth of the plea, that it was material as advised by counsel ; and a rule or Judge's order was necessary, as a preliminary to the introduction of a second plea. Of late, the party pleads double, of course ; and leave of the Court, which is always recited, is a mere fiction not traversable. But the plea should be at the peril of the party ; if false, it should be stricken out, on motion. The object of this second plea is plain ; it was to provoke a demurrer, and hang up the cause for the purpose of delay. The defendant should be put to his affidavit.

He concluded by citing *Pierce* v. *Blake*, (2 Salk. 515,) *White et al.* v. *Howard*, (3 Taunt. 338,) *Solomons* v. *Ly-on*, (1 East, 369,) and *Blewitt* v. *Marsden*, (10 East 237.)

*Curia.* This plea is false in fact beyond all doubt, and there is some difficulty in saying whether it should be answered, or is demurrable. Notwithstanding the legal question which arises upon its face, we should suffer it to stand upon a very slight suggestion of its truth : none such is made. Its falsehood is conceded, and we will not suffer the plaintiff to be placed in danger of a trap, by requiring him to elect whether he will answer or demur to a plea which is not plainly valid in law upon it face, and at the same time is admitted to be untrue in fact. Take your rule.

Rule to strike out the second plea.(*a*)

(*a*) *Richley* v. *Proone*, H. T. 1823, K. B. 1 Barnwell & Creswell, 286,

DECLARATION for use and occupation. Plea, that after the making of the promises, and the accruing of the several causes of action in the decla-

NEW YORK, ration mentioned, and before the exhibiting of the plaintiff's bill, the defend
May, 1824. ant delivered to the plaintiff one ton of Riga hemp, and 100 weight of Rus-

Cox
v.
J----ger.

sia tallow, of the value of 30l. in full satisfaction and discharge of the pro-
mises in the declaration mentioned, and that the plaintiff accepted the same
of tne defendant, in full satisfaction and discharge of the several promises
and causes of action in the declaration mentioned, and of all damages, &c
and concluded to the Court. A rule *nisi* had been obtained by Platt, that
the plaintiff might sign judgment, as for want of a plea, on an affidavit stat-
ing that the plea was in every respect false.

E. *Lawes*, showed cause, and contended that this was a plea in common
use, and that the Courts had never gone the length of saying that a party
might not use a plea for the purpose of delay, provided he did not put the
opposite party to the unnecessary expense of consulting counsel, by plead-
ing pleas which require different modes of trial.

The *Court*, without assigning any reasons, made the rule absolute.

NOTE. This case was heard and determined at the sittings after the term,
in the absence of Abbott, C. J.