Charles C. Wayland and James K. Aymer, respondents, v. David J. Tysen, appellant.

The court has no power to strike out as sham an answer consisting of a general denial of the material allegations of the complaint.

(Argued March 28; decided April 4, 1871.)

Appeal from an order of the General Term of the Supreme Court in the second judicial district, affirming an order of the Special Term, striking out an answer as sham, and ordering judgment for the plaintiff.

The answer was as follows:

## SUPREME COURT.

| CHARLES C. WAYLAND and JAMES K. AYMAR, against DAVID J. TYSEN. | *Answer of the Defendant to the complaint of the Plaintiffs in this case.* |
|---|---|

The defendant, David J. Tysen, denies each and every allegation in the complaint of the above plaintiffs in this cause contained.

> BRADLEY & NELSON,
> *Def't's Att'ys,*
> 173 Broadway, New York.

State of New York, City and County of New York, } *ss:*

David J. Tysen, being duly sworn, doth depose and say that he is the defendant in the above entitled cause, that he has read the foregoing answer, and that the same is true of his own knowledge, except as to the matters stated on information and belief, and as to those matters he believes it to be true.

> DAVID J. TYSEN.

Sworn this 11th day of June, 1870, before me, } 
        Charles Nettleton,
                *Notary Public, for N. Y. county.*

The motion to strike out this answer as sham was based upon the affidavits of the plaintiffs and others strongly tending to show its falsity.

*Alvin C. Bradley,* for the appellant.

*J. C. G. Smidt,* for the respondent.

GROVER, J. The order is appealable to this court, and must be reviewed in the same manner as it was required to be by the General Term, upon the appeal taken to that court by the defendant. (Code, § 11, subd. 4.) The entire answer of the defendant was struck out. It was a general denial of the complaint. It was verified by the defendant before service in the manner required by the Code when the complaint is verified. The motion to strike it out was made upon affidavits tending to show its falsity, and the court arriving at this conclusion, made the order striking it out as sham. The Code (§ 152) provides that sham and irrevelant answers and defences may be stricken out on motion, and upon such terms as the court may in their discretion impose. This answer is the equivalent of and substitute for the general issue under the common law system of pleading. It gives to the defendant the same right to require the plaintiff to establish by proof all the material facts necessary to show his right to a recovery as was given by that plea. Under the common law system the general issue could not be struck out as sham, although shown by affidavits to be false. (*Broome Co. Bank* v. *Lewis,* 18 Wend., 565.) This was not upon the ground that a false plea was not sham. That was always so regarded, but upon the ground that a party making a demand against another through legal proceedings was required to show his right by common law evidence, and that *ex parte* affidavits were not such evidence. The court, under that system, exercised the power of striking out pleas setting up affirmative defences as sham when shown by affidavits to be false, but not where the party verified such plea

by affidavit. (*Stewart* v. *Hotchkiss*, 2 Cow., 634.) It has been claimed, and the claim somewhat sanctioned by the Supreme Court, that these rules have been changed by section 152 of the Code. That by this all distinctions in striking out answers between such as merely deny the allegations of the complaint either generally or specifically, and those setting up affirmative defences, have been abolished. This question must be regarded as original in this court, notwithstanding the claim that this construction was adopted in *The People* v. *McComber* (18 N. Y., 315). A close examination of this case shows that this point was not involved. It is true that an opinion sustaining the construction contended for was given by STRONG, J.; but the case shows that Judges DENIO and HARRIS dissented from this opinion, although concurring in the affirmance of the judgment upon the ground that the point was not involved. This case cannot, therefore, be regarded as an authority for the construction insisted upon. The section in question simply confers power upon the court to strike out sham and irrelevant answers and defences. This power the court, as we have seen, possessed and exercised under the pre-existing laws. For reasons deemed satisfactory it was not extended to the general issue. When this was interposed as a defence the party had a right to a trial by jury. This right is secured to him by section 2, article 1 of the Constitution. This right could not be taken away by simply changing the name from that of general issue to that of general denial. We have seen that the latter is the substitute for and the equivalent of the former, so far as to require proof by the plaintiff of all the material facts showing his right of recovery. This is an argument tending to show that the Legislature, in the passage of the section in question, only intended to sanction the existing practice, and not to confer any new power upon the court. Under the construction claimed, there is nothing to prevent the trial of this or any other issue upon affidavits. The moving party has only to satisfy the court by a preponderance of evidence of this character of the falsity of the plea, and it

may be struck out, although specifically verified by the party interposing it, notwithstanding such party may insist upon his right to a trial, when he can have the privilege of cross-examining the affidavits, and having their credibility passed upon by a jury. I think that by the true construction of the section, the power of the court to strike out pleadings was not extended beyond what it was under the pre-existing law. That we have seen extended only to such affirmative defences as were not verified by the oath of the defendant or other equivalent evidence. It may be said that a motion to strike out a pleading is not the trial of an issue joined thereby. This is literally true, but in substance the difference is scarcely perceptible. It calls for a determination whether the pleading be true or false; and if found false and struck out, the defendant is as effectually deprived of any benefit therefrom, as if found false upon a verdict, although he can derive no benefit from a failure to find it false, for the plaintiff will still be entitled to a trial of the issue. It will thus be seen that all the plaintiff hazards by the motion is the costs, while the defendant is precluded by an adverse result. It may be said that the power claimed will only be exercised in clear cases, where it is manifest that the desire of the defendant is only for delay, and that he is practising a fraud for this purpose by putting a falsehood upon the record. Concede the construction of the section claimed by the respondent, as we must to sustain the order, and its exercise cannot be confined to this class of cases. The judgment of the court must be exercised upon the affidavits, and if satisfied of the falsity of the pleading, although sustained by opposing affidavits, it becomes a duty so to decide by granting the motion. It is in the power of the plaintiff, in every case, as was done in this, to preclude the defendant from interposing either a general denial or a denial of specific facts by verifying his complaint. Thus he can prevent such answer, unless from the affidavit of the defendant it shall appear that it was interposed in good faith. The Code, it is true, allows the defendant to deny any knowledge or information sufficient to form a belief; and thus

put the fact in issue. If he verifies this, what right has the plaintiff to strike out his answer by producing affidavits showing the truth of such facts of which the defendant was ignorant at the time of putting in his answer. Such affidavits fail entirely to show that the answer was put in in bad faith or that it was false; and yet this is the very class of cases where the court will be most frequently called upon to strike out the answer. If the defendant commits perjury in verifying the answer, as he must have done in this case, if he knew the allegations of the complaint were true, he ought to be prosecuted therefor. If plaintiffs, who complain of injury from delay by the fraudulent interposition of false answers, would perform the duty incumbent upon every good citizen, to prosecute those known to be guilty of perjury, they would effectually stop such an abuse. I am satisfied that the intention of the Legislature in enacting the section of the Code under consideration, was not to confer any new power upon the court, but to give legislative sanction to that exercised under the existing law. The order appealed from must be reversed, and an order entered denying the motion; but as the practice under which it was made had the sanction of some reported cases in the Supreme Court, it should be without costs to either party.

All the judges concurring, order reversed.