## GROCERS' BANK OF CITY OF NEW YORK, RESPONDENT, *v.* BERNARD O'RORKE, APPELLANT.

*Answer — when cannot be stricken out as sham — frivolous answer.*

A verified answer, in which the defendant avers "that he has no knowledge or information sufficient to form a belief as to the truth of any of the allegations in said complaint contained," cannot be stricken out as sham.

Section 247 of the Code, authorizing the court to order judgment upon a frivolous answer, only applies to cases in which the answer as a whole is frivolous, and not in which parts are frivolous and parts are good.

APPEAL from an order of the Special Term, directing judgment for plaintiff on the ground that the answer was frivolous.

The action was brought on an "undertaking on appeal from a judgment directing the payment of money," which was made and filed by the defendant and his co-defendant, in the month of May, 1874.

The plaintiff's complaint contained a full statement of the facts constituting the cause of action; a full description of the "undertaking on appeal," and of the justification of the defendant, and a copy thereof was annexed to the complaint, and formed a part thereof.

The defendant's answer was as follows:

"First. That some time in the month of May, 1874, he executed an instrument in writing on an appeal in an action in some court in the city of New York, in which the plaintiff in this action was plaintiff and John H. McKinley was defendant; but whether the said instrument is the same as the undertaking named in the complaint, the defendant cannot now state. The defendant, therefore, avers that he has no knowledge or information sufficient to form a belief as to the truth of the plaintiff's allegations in regard to the execution of the undertaking upon which this action is founded, and he leaves the plaintiff to such proof in that regard as it may be able to make.

"Second. The defendant, further answering the complaint, avers that he has no knowledge or information sufficient to form a belief as to the truth of any of the allegations in said complaint contained."

*Rastus S. Ransom,* for the appellant.    Material allegations of the complaint were denied by the answer, and unless it was "so clearly and palpably bad as to require no argument or illustration to show its character" it ought not to have been stricken out as frivolous. (*Strong* v. *Sproul,* 53 N. Y., 499 ; *Young* v. *Kent,* 46 id., 672 ; 22 How., 345.)    The answer amounts to a general denial, and that puts the plaintiff to the proof of his allegation that the judgment appealed from, and alleged to have been affirmed, has not been paid.    Under such a denial the defendant may prove payment, and for that reason alone the answer should be allowed to stand.    (38 N. Y., 263 ; 47 id., 430 ; 4 J. & S., 262 ; 41 N. Y., 349.)    Upon the point that defendant was not bound to know of the judgment of affirmance, see *Sherman & Collins* v. *Bushnell* (7 How., 171).

*Edmon & B. J. Blankman,* for the respondent.    "Where the facts are charged as the acts of the defendant, he is bound to admit or deny." (*Sloan* v. *Little,* 3 Paige, 103.)    The Code requires a denial, and a call for proof cannot be regarded, in form or substance, as the denial contemplated by the Code. (*Bently* v. *Dorcas,* 11 Ohio St., 398.)    Where the defendant has information, as in the present case, he cannot use this form of an answer, and this was the practice in chancery. (*Dunham* v. *Gales,* Hoff-

man, 185.) In *Therasson* v. *McSpedon* (2 Hilt., 1), a denial upon information was held not sufficient. (*Sayre* v. *Cushing*, 7 Abb. Pr., 371; *Elton* v. *Markham*, 20 Barb., 343; *Nicols* v. *Jones*, 6 How. Pr., 355; *Wood* v. *Staniels*, 3 Code R., 152; *Mott* v. *Burnett*, 1 Code R., [N. S.], 225; 2 E. D. Smith, 50; *The People* v. *McCumber*, 18 N. Y., 315.) The allegations of the complaint may be conclusively presumed to rest within the personal knowledge of the defendant, namely, the making of the undertaking on appeal, and the justification on said undertaking as one of the sureties. He ought either to admit or deny the act. (*Edwards* v. *Lent*, 8 How. Pr., 28; *Richardson* v. *Wilton*, 4 Sandf., 708; *Fales* v. *Hicks*, 12 How. Pr., 153; *Lewis* v. *Acker*, 11 id., 163; *Lawrence* v. *Derby*, 15 Abb. Pr., 346, note.) The defendant having admitted, in the first part of his answer, " that he executed an instrument similar to that upon which he is sued," he cannot deny merely upon a want of information sufficient to form a belief. (*Wesson* v. *Judd*, 1 Abb. Pr., 254; *Thorn* v. *New York Central Mills*, 10 How., 20; *Sherman* v. *Same*, 1 Abb., 191.) The answer does not contain a defense to any fact of the plaintiff's cause of action, and is therefore frivolous. (*Hall* v. *Smith*, 8 How., 149; S. C., 1 Duer, 649.)

DAVIS, P. J.:

The court below struck out the defendant's answer as frivolous, and gave judgment under section 247 of the Code. The second part of the answer is in these words: " Second. The defendant, further answering the complaint, avers that he has no knowledge or information sufficient to form a belief as to the truth of any of the allegations in said complaint contained." This was a general denial of all the allegations of the complaint, under section 149 of the Code, which provides that the answer must contain a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief.

It has been held in various cases that an answer alleging that defendant has no knowledge or information sufficient to form a belief, makes a complete denial. (*Flood* v. *Reynolds*, 13 How., 112; *Townsend* v. *Platt*, 3 Abb., 325; *Leach* v. *Boynton*, id., 1; *Livingston* v. *Hammer*, 7 Bosw., 670.)

In *Wayland* v. *Tysen* (45 N. Y., 281), it was held that the court had no power to strike out, as sham, an answer consisting of a general denial under the Code, and in *Strong* v. *Sproul* (53 N. Y., 497), and *Thompson* v. *Erie Railroad Company* (45 N. Y., 468), it was held that the court had no power to order a judgment upon part of an answer as frivolous, when there was a part held good, and that the remedy, under section 247 of the Code, was only available when the answer as a whole was frivolous, and not where parts were frivolous and other parts good. It is not necessary therefore to determine whether the first part of the answer, if it stood alone, might not have been properly stricken out and judgment ordered because that part forms a portion of an answer which does not contain what the act and the authorities declare to be a general denial.

The cases upon which the learned justice in the court below proceeded, were necessarily overruled by the Court of Appeals, in *Wayland* v. *Tysen* (above cited).

We are constrained, therefore, to the opinion that the court below erred, and the order must be reversed, with ten dollars costs besides disbursements, and the motion denied.

DANIELS and BRADY, JJ., concurred.

Ordered accordingly.