ISAAC H. BARNES, RESPONDENT, *v.* JEHIEL J. WEST, IMPLEADED, ETC., APPELLANT.

*Compulsory reference — when it may be ordered — Code of Civil Procedure, § 1013.*

Under section 1013 of the Code of Civil Procedure, as under the former practice, a compulsory reference, even in cases triable by the court, can only be ordered where the trial will require the examination of a long account.

APPEAL from an order made at Special Term, striking out a defense of usury as sham, and awarding judgment of foreclosure in favor of plaintiff, unless defendant should consent to a reference of the action.

*David B. Hill*, for the appellant.

*Gabriel L. Smith*, for the respondent.

LEARNED, P. J.:

This is an action for foreclosure. The defendant West sets up two defenses; one usury, the other fraud, in this that when he bought the land of the owner of the equity, that owner represented to him that the mortgage was for $4,000 instead of $5,000, and that the holder of the mortgage, the plaintiff, was present and assented to this statement, and that all this was with intent to defraud. A motion was made to strike out each defense as sham; or, if not stricken out, then to strike out the defense of usury as sham, and for judgment on the other to the amount of $4,000. The Special Term made an order, striking out the defense of usury as sham and for judgment of foreclosure for $4,000, unless the defendant should consent to refer the action to a referee to hear and decide. The defendant West appealed.

It is not certain, from the language of the order, whether the defense of usury is stricken out at all events, or only in case the defendant does not consent to refer. But we think that that defense should not be stricken out, either absolutely or on a contingency. The answer was verified. (*Wayland* v. *Tysen*, 45 N. Y., 281; *Thompson* v. *Erie R. R.*, 45 id., 468.) Probably the order was intended to strike out that defense conditionally; because, as to the other defense (which was only partial), the plaintiff appears to have been entitled to judgment to the extent of $4,000 on the answer itself.

Assuming, then, that the defendant by consenting to refer (as he has since done) has relieved himself from the striking out of the usury answer, and that that whole answer is in the case, the only question remaining is, whether in such an action the court can compel a reference. If the court had no power to grant a com-

pulsory reference, then it could not be right to force the defendant to accept such a reference, by directing that, if he did not, his verified answer should be stricken out.

There is no question that, under the former Code, references could be ordered compulsorily only where the trial involved the examination of a long account. Section 1013 of the New Code is claimed by the plaintiff to have changed this, and to have given the right to the court to order a reference compulsorily in every action triable by the court. It is doubtful what is meant by the part of the section which is supposed to touch this point. And the note of the codifiers to this section adds to the doubt.

The first sentence of the section provides that the court, without consent, may direct a trial by a referee, " where the trial will require the examination of a long account." The other sentence provides that, in an action triable by the court, a reference may be made *as prescribed in this section*, to decide the whole issue or any of the issues, or to report findings. And the plaintiff claims that this means that, in any action triable by the court, a reference may be ordered compulsorily; that is, that the words, " as prescribed in this section," refer to the words " of its own motion," etc. The defendant claims that they refer only to the clause, " where the trial will require the examination of a long account."

To give the court the absolute power to refer every equity action of its own motion and without consent, would be such a radical change in our system of law that I cannot think it was intended by the doubtful and uncertain language of this section. I see no reason and no propriety in a law which would permit the court to throw off altogether the labor of trying equity cases, and to devolve that most important duty on referees. And I think, therefore, that the second sentence means only that, in actions involving a long account and triable by the court, a compulsory reference may be ordered *of the whole issue or a part of the issue, or to report findings, etc.*

And therefore, in my opinion, the court had no power, without the consent of the parties, to order a reference in this case. If this be so, I think it was not right to order an answer to be stricken out, as sham, unless the defendant would consent to a reference. For the defendant had a right to a trial of the issue,

and to a trial before the tribunal provided by law—that is the court. It is very possible that the answer is put in for delay. But that is an evil which cannot be prevented; at least in this way.

The orders must be reversed, under the circumstances, without costs.

Present—LEARNED, P. J., BOARDMAN and WESTBROOK, JJ.

Order reversed, without costs to either party.