By the Court.—Sedgwick, J.
The action was for rent. The answer, among other defenses which it is unnecessary to set out, pleaded, on information and belief, payment by the co-defendant, James Sperry.
The affidavits on which the motion was made did not show at all that at the time1 the answer was made, that it- could not have been true that the defendant Poster had not been informed, and did not and could not believe, that his co-defendant had paid the rent. The Code declares that an averment may be made upon information and belief, to put the fact in issue. Such a pleading cannot, in the nature of things, be stricken out as sham, if, at least, it is not clearly shown that there could be no information or belief.
As to the fact of the co-defendant’s not having paid the rent, the affidavits did not so convincingly or indisputably show the non-payment, that a court could determine that there could be no question for the jury, if the action were tried.
I further agree with the learned counsel for the respondent, that the principles stated in Wayland v. Tyson (45 N. Y. 281), Thompson v. Erie R. R. Co. (45 Id. 468), prevent an affirmative defense from being stricken out as sham upon affidavits. If it could, there would be no reason why a defendant should not have the right to strike out a complaint as sham.
*313 Order affirmed, with $10 costs, and disbursements to be taxed.
Speir, J., concurred.