J. F. Daly, J.
The matter complained of is not part of a defense. Each denial of separate allegations of the complaint is a separate defense, and may be stricken out (Black v. Cotton, 2 E. D. Smith 400). It appears from the affidavits on winch this motion is made, that the denial in the answer is false, because certain of the transactions alleged in the complaint, and covered by the denial, were personal transactions between plaintiffs and defendants. No affidavit was interposed by the defendants denying this statement. It appears, therefore, that a denial of those personal transactions “ on information ” is a sham and false denial, and should be stricken out.
It is no objection to granting this motion that a general or specific denial cannot be stricken out as sham. The decision in Wayland v. Tysen (45 N. Y. 281) applies to those denials made in the form authorized by section 500 of *46 the Code, viz., absolute denials, or denials of information sufficient to constitute a basis of belief. It has been held that a denial “on information and belief ” may be made where the defendant has no positive knowledge, and is prepared to assert, upon such information as he possesses, that the allegations of the complaint are false (Brotherton v. Downey, 21 Hun 436). Such denials cannot be regarded as frivolous (Metraz v. Pearsall, 5 Abb. N. C. 90) ; nor as irrelevant or redundant (Brotherton v. Downey, supra). But it has not been held that such a denial is not subject to a motion to strike it out as sham where it appears by uncontradicted proof that the' defendant must have personal knowledge of the allegations he denies “on information.” It is in effect an allegation in the answer that the only knowledge which defendant possesses is derived from information, and that he has formed a belief from such information that the averments of the complaint are false. If that allegation is untrue because the averments of the complaint are of personal transactions, the remedial provision of section 538, permitting sham defenses to be stricken out on motion, should be applied, and the decision in Wayland v. Tysen (supra) should not be extended to cover the case. The allegations in this 'complaint which defendants have denied “ on information and belief ” include personal transactions between the parties, as well as matters which are not necessarily within defendants’ knowledge.
The motion should be granted, striking out the defense complained of as sham, but with leave to defendants to serve an amended answer on payment of $10 costs of motion, $10 costs of this appeal, and disbursements.
Allen, J., concurred.
Larremore, J., dissented.
Order reversed.