JOHN MARTIN AND MARY MARTIN, APPELLANTS, v. THE ERIE PRESERVING COMPANY, RESPONDENT.

*Striking out an answer as sham — general denial — the rule permitting this to be done in certain cases, is not applicable to a case where the defendant is a corporation, although it answers on information and belief.*

An answer containing a general denial of the cause of action set up in a complaint, cannot be stricken out as sham.

The rule permitting the plaintiff in certain cases, to show, by affidavits, that the answer is false where the denial of the alleged cause of action is made upon information and belief, and the facts alleged as constituting the plaintiffs' cause of action, are necessarily within the defendant's personal knowledge, does not apply in cases where a corporation is the defendant making a denial upon information and belief.

APPEAL from an order of the Erie County Special Term denying the plaintiffs' motion to strike out the defendant's answer as sham. The action is brought upon a foreign judgment, alleged to have been rendered in the District Court of the county of Arapaho, in the State of Colorado, for the sum of $1,388.38, which court the plaintiffs allege

to be a court of competent jurisdiction to render such a judgment. The answer contained a general denial of the cause of action set up in the complaint, verified by the president of the defendant, a corporation organized under the laws of this State. Upon the hearing of the motion an exemplified copy of the judgment-roll was read.

*Herbert Bissell,* for the appellants

*George M. Osgoodby,* for the respondent.

Barker, P. J.:

The answer contained a general denial of the cause of action set up in the complaint and the same was duly verified. Such an answer cannot be stricken out as sham. The system of pleading authorized by the Code permits the defendant to deny by answer the plaintiff's alleged cause of action and thus call upon him to make common law proof on the trial of the issue of the facts alleged constituting his cause of action. (*Wayland* v. *Tysen,* 45 N. Y., 281; *Thompson* v. *Erie R. Co.,* 45 id., 468; *Farmers' Nat. Bk.* v. *Leland,* 50 id., 673; *Broome County Bank* v. *Lewis,* 18 Wend., 565.)

The plaintiff contends that these cases are not applicable where the denial of the alleged cause of action is made upon information and belief, and the facts alleged as constituting the plaintiff's cause of action are necessarily within the defendant's personal knowledge, and claims that in such cases it may be shown by affidavit that the answer is false and for that reason be stricken out as sham. This position is only applicable, where the answer contains an affirmative defense in avoidance of a recovery, and in such cases it may be shown by affidavit that the answer is false and it may be stricken out as sham for that reason. But if it should be conceded that the general rule is as contended for by the counsel for the plaintiff in actions against persons, it does not apply in cases where a corporation is the defendant making a denial upon information and belief. The answer by a corporation may be verified by one of its officers and in the form here used. It is not to be supposed that the officers of a corporation having charge of its affairs have personal knowledge of all of its business transactions. If a corporation disputes the

cause of action set up in the complaint it may, by its answer, deny the same on information and belief, otherwise it might not be able, in many instances, to serve a verified answer. If the officer making the verification does not have personal knowledge that the allegations in the complaint relative to the cause of action are false and untrue, he would place himself in a position of great peril in making the affidavit of verification, should the answer contain a positive denial of the cause of action. It is declared in section 524, that unless the allegations in a pleading are stated to be on information and belief of a party, they must be regarded for all purposes, including a criminal prosecution, as having been made upon the personal knowledge of the person verifying the pleading.

The exemplified copy of the record produced on the motion does not show that process in the action was served on the defendant, but it contains a recital that the defendant appeared by an attorney and answered. That portion of the record may be disproved by the defendant by competent evidence, and he may also show that the District Court in which the judgment was rendered did not have jurisdiction over the subject-matter which constituted the plaintiff's cause of action.

The order must be affirmed with ten dollars costs and disbursements.

All concur.

Order affirmed, with ten dollars costs and disbursements.