SMITH et al. v. HOMER.

(Supreme Court, Special Term, Erie County. January 20, 1896.)

PLEADING—SHAM ANSWER.
    A verified answer setting up an affirmative defense cannot be stricken out on motion as sham.

Action by William H. H. Smith and Howard M. Smith against Henry Homer on a promissory note. Plaintiffs move to strike out defendant's answer as sham. Denied.

George Wing, for plaintiffs.
George W. Cothran, for defendant.

WARD, J. This is an action where the plaintiffs seek to recover upon a promissory note executed by the defendant to them for $766.19. The defendant answered, alleging that the note was paid, which answer he verified, as required by the Code. The plaintiffs, upon this motion, produced several affidavits which tended strongly to show that the answer was false. No affidavit was read in opposition to the motion. The defendant relied upon his answer as verified, and insisted that the court had no power to strike out this

answer, or, if the power existed so to do, the court should not exercise it in any case where a defense properly pleaded was sustained by the verification of the defendant. An interesting question is thus presented. A review of the decisions upon the subject leaves the question in considerable doubt.

The plaintiffs rely upon the case of Bank v. Inman, 51 Hun, 97, 5 N. Y. Supp. 457. In that case the action was brought by an indorsee of a promissory note, and the maker defended. The answer contained simply a denial of any knowledge or information sufficient to form a belief as to the truth of the allegations of indorsement and ownership of the note set forth in the complaint, and was verified. The special term refused to strike out the answer, which was affirmed at general term, and the court, by Follett, J., states, after reviewing the cases to some extent in this state, as the result of those cases:

"That an affirmative answer or defense which raises a material issue may be stricken out as sham, but a general or specific denial which raises a material issue cannot be stricken out as sham if pleaded in a form permitted by the Code."

Whether this general statement of the law by the learned court can be sustained as to affirmative defenses is the question here. It will be observed that in that case the only question before the court was whether what was equivalent to a general denial should be stricken out as sham; and the remark, therefore, as to affirmative defenses, was not necessary to the determination of that case, and was therefore obiter. This case went to the court of appeals, and that court affirmed it, upon the opinion of the general term. 115 N. Y. 650, 21 N. E. 1118.

In People v. McCumber, 18 N. Y. 315, it was held that an answer denying a material allegation in the complaint might be stricken out as sham, though duly verified, and that an answer the falsity of which is apparent is sham, irrespective of its form as affirmative or negative. But in Wayland v. Tysen, 45 N.Y. 281, it was held that the court had no power to strike out as sham an answer consisting of a general denial of the material allegations of the complaint; and the court there (Grover, J.), in commenting upon the practice of trying issues upon affidavits, and inferentially disapproving of it, says:

"The moving party has only to satisfy the court by a preponderance of evidence of this character of the falsity of the plea; and it may be struck out, although specially verified by the party interposing it, notwithstanding such party may insist upon his right to a trial, when he can have the privilege of cross-examining the affidavits, and having their credibility passed upon by a jury. I think that, by the true construction of the section, the power of the court to strike out pleadings was not extended beyond what it was under the pre-existing law. That, we have seen, extended only to such affirmative defenses as were not verified by the oath of the defendant or other equivalent evidence. It may be said that a motion to strike out a pleading is not the trial of an issue joined thereby. This is literally true, but, in substance, the difference is scarcely perceptible. It calls for a determination whether the pleading be true or false; and, if found false and struck out, the defendant is as effectually deprived of any benefit therefrom as if found false upon a verdict, although he can derive no benefit from a failure to find it false, for the plaintiff will still be entitled to a trial of the issue. It will thus be seen that all the plaintiff hazards by the motion is the costs, while the defendant

is precluded by an adverse result. It may be said that the power claimed will only be exercised in clear cases, where it is manifest that the desire of the defendant is only for delay, and that he is practicing a fraud for this purpose by putting a falsehood upon the record. Concede the construction of the section claimed by the respondent, as we must to sustain the order, and its exercise cannot be confined to this class of cases. The judgment of the court must be exercised upon the affidavits; and if satisfied of the falsity of the pleading, although sustained by opposing affidavits, it becomes a duty so to decide by granting the motion. It is in the power of the plaintiff, in every case, as was done in this, to preclude the defendant from interposing either a general denial or a denial of specific facts by verifying his complaint. * * * If the defendant commits perjury in verifying the answer, he ought to be prosecuted therefor. * * * I am satisfied that the intention of the legislature in enacting the section of the Code under consideration [the Code of Procedure being the same as in the present Code] was not to confer any new power upon the court, but to give legislative sanction to that exercised under the existing law."

That power, as shown in the case, was simply to strike out unverified answers alleging affirmative defenses which were shown clearly to be false. The court, in 51 Hun, 97, 5 N. Y. Supp. 457, seems to have overlooked the distinction here made between a verified, affirmative answer and one not verified. The difference is manifest. In one case the plaintiff's affidavit discloses the absolute falsity of the answer, with no counter affidavit to sustain the answer, while in the other case, and the case at bar, the answer is sustained by the affidavit of the defendant, and I am called upon on this motion to try this issue by affidavits. The danger of such procedure is well pointed out in the clear and terse language above quoted. The principle once admitted that the court may pass upon affirmative defenses upon motion where they are duly verified will leave it in the power of the court at all times, upon motion, where an affirmative defense, such as payment, satisfaction, usury, or any other affirmative defense is alleged, to deprive the defendant of his right to have his issue tried by the methods pointed out by the statute, and before a jury or a court, as the case may warrant.

In Farnsworth v. Halstead (Sup.) 10 N. Y. Supp. 763, the defendant pleaded in bar a judgment recovered for the same cause of action set forth in the complaint. An attempt was made upon affidavits to strike out this answer as sham, and the court (O'Brien, J.), in a well-considered opinion, held that this could not be done, and denied the motion.

In Webb v. Foster, 45 N. Y. Super. Ct. Rep. 311, the action was for rent, and the answer, among other defenses, pleaded payment, and the superior court, general term, held that this answer could not be stricken out as sham. Sedgwick, J., says:

"I further agree with the learned counsel for the respondent that the principle stated in Wayland v. Tysen, 45 N. Y. 281, and Thompson v. Railroad Co., Id. 468, prevent an affirmative defense from being struck out as sham upon affidavits. If it could be, there would be no reason why a defendant should not have the right to strike out a complaint as sham."

It will be observed in this case the question was directly up whether the defense of payment could be stricken out as sham. I hold that this cannot be done, both upon reason and authority. While it may be conceded that the case before us is an exceedingly

strong one for the exercise of this power, still, if exercised, it will be like the entry of the wooden horse, full of danger, and ingraft a principle upon our jurisprudence which should not be sanctioned, which would be productive of mischief, and would lead to judicial usurpation, and seriously impair the right of trial by jury and the right of defendants to that procedure in courts of justice which entitles them to be confronted by the witnesses who seek to destroy their defense, and have the privilege of cross-examination.

The motion to strike out must be denied, but, as the question is not free from difficulty, without costs.