They maintained that toe clips were invariably sold by the pair; yet, in their own catalogue, toe clips are not quoted by the pair, notwithstanding the testimony of one of the defendants that every article sold by the pair was therein so quoted.

Finally, the defendants recognized the plaintiff's theory of the contract by accepting 1,440 toe clips as the equivalent of the first 10 gross. It is true they sought to overcome the presumption arising from their acquiescence by ascribing the acceptance, and the consequent payment, to the oversight of an employé. The inconclusive testimony offered to support this explanation failed to convince the justice. The exceptions urged are trivial, and, the issue of fact having been determined with fairness, the judgment should not be disturbed.

Judgment affirmed, with costs to the respondent. All concur.

(27 Misc. Rep. 191.)

### BELSENA COAL–MIN. CO. v. LIBERTY DREDGING CO.

(Supreme Court, Appellate Term.   April 21, 1899.)

1. SEVERANCE OF COUNTERCLAIMS—DISCRETION OF COURT.
    An application for severance of the action as to counterclaims is addressed to the discretion of the trial court.
2. STRIKING OUT ANSWER AS SHAM—RIGHT TO JURY TRIAL.
    It is a violation of the constitutional guaranty of trial by jury to strike out of an answer as sham allegations of a substantial defense when verified, even upon information and belief.

Appeal from city court of New York, general term.

Action by the Belsena Coal-Mining Company against the Liberty Dredging Company. From an order of the general term affirming an order entered on the decision of a justice of said court (55 N. Y. Supp. 747), plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Gould & Wilkie, for appellant.

Charles Goldzier, for respondent.

MacLEAN, J.   Among other things, motion was made herein for severance of the action as to certain counterclaims set up in the answer, and for striking out as sham two defenses,—one of specific denials, claimed to be nearly in the very terms of the complaint; and the other of allegations that the contract in question was made in this state by a foreign corporation, the plaintiff, which had not complied with, and was acting contrary to, the statute relating to the transaction of business in this state by foreign corporations. So much of the application as was for severance was addressed to the discretion of the city court, and is not hereto appealable. Passing by the question whether the denials were so precisely in the terms of the complaint as to be negatives pregnant, or no defense at all, to the allegations that the plaintiff had not capacity to sue, it is to be held that these allegations are allegations of a substantial defense, which, when ver-

ified, as here, even if made, as here also, upon information and belief, might not be stricken out as sham upon affidavits, however earnest and cogent be the statement of the affiants as to the falsity of the defendant's averments, for the defendant is entitled to a trial upon that defense by a jury. That is secured by Const. art. 1, § 2. Against loss or inconvenience from the consequent delay the plaintiff has no present legal remedy. As suggested in our court of last resort, the plaintiff, if it be aggrieved by falsehood in the verification of the answer, may bring help to others, if not to itself, if it "perform the duty incumbent upon every good citizen to prosecute those known to be guilty of perjury." Wayland v. Tysen, 45 N. Y. 281. The order appealed from should be affirmed.

Order affirmed, with costs to the respondent. All concur.