James F. Rogan, Plaintiff, *v.* Consolidated Copper-mines Company, Defendant.

(Supreme Court, New York Special Term, January, 1922.)

Pleading — action on promissory note — denial of knowledge or information sufficient to form belief as to assignment to plaintiff good under Civil Practice Act, § 261 — affirmative defense that defendant doing business in New York without certificate required by General Corporation Law, § 15 — court no power to strike out answer and grant summary judgment — Rules of Civil Practice, 105, 113.

Rule 113 of the Rules of Civil Practice was intended to prevent a defendant in commercial cases from interposing an answer which would unnecessarily delay the entry of a judgment to which the plaintiff was entitled.

In certain cases the defendant, under said rule, may be compelled to state his version of the matter in litigation, but where he shows an absence of knowledge or information in regard to any material allegation of the complaint he cannot be compelled to accept the plaintiff's version, and in such circumstances the court cannot strike out the answer.

In an action upon a promissory note, the answer, besides a denial that the note was made and delivered in the city of Chicago, as alleged in the complaint, denied any knowledge or information sufficient to form a belief as to the allegations of the complaint concerning the assignment of the note to plaintiff. The answer also set up as an affirmative defense that the note was made and delivered in the city of New York; that the payee is doing business there and has not obtained any certificate of authority as required by section 15 of the General Corporation Law. The plaintiff upon a motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice and for such other and further relief as the court might deem just, presented affidavits showing that the note was assigned to him by written instrument and further, that the note was sent to the office of the payee in Chicago, inclosed in a letter from the defendant requesting the payee to accept the note in renewal of a note previously given, and that the payee

thereupon wrote to defendant that it would accept the note. While the defendant presented no proof in contravention of the allegations of the moving papers, it did appear that on the examination before trial of one of defendant's officers, he admitted that according to his best recollection the note was made and delivered in the manner claimed by plaintiff. *Held,* that upon the undisputed facts the note was made and delivered in the city of Chicago, but there being no claim that defendant has any knowledge or information other than that derived from the allegations of the complaint and the moving affidavits, as to the assignment of the note to plaintiff, the defendant in the circumstances was permitted by section 261 of the Civil Practice Act to deny knowledge or information sufficient to form a belief as to these allegations, and thereby raise an issue, and as matter of law was entitled to defend; the court, therefore, was without power to strike out the answer and grant a summary judgment.

The motion not having been made within twenty days after the service of the answer, as required by rule 105 of the Rules of Civil Practice, the question whether under any other rule the court could strike out the affirmative defense alone may not be considered.

Action to recover on promissory note. Motion for summary judgment.

Gould & Wilkie (Charles G. Keutgen, of counsel), for plaintiff.

Roy F. Wrigley, for defendant.

Lehman, J. The plaintiff has brought an action as assignee of a note made and executed by the defendant. The complaint alleges that the note was made and delivered at Chicago, Ill. The answer denies that the note was made and delivered in the city of Chicago or elsewhere in the state of Illinois and " denies any knowledge or information sufficient to form a belief " as to the allegations concerning the assignment and the answer further contains an affirmative defense

that the note was made and delivered in New York city and that the payee is doing business in the city of New York and has not obtained any certificate of authority as required by section 15 of the General Corporation Law of the state of New York.

The plaintiff has now moved for '' an order striking out the answer herein and directing judgment in favor of the plaintiff pursuant to rule 113 of the Rules of Civil Practice and for such other and further relief as this court may deem just.'' Upon the motion the plaintiff has presented affidavits showing that the note was assigned to him by written instrument and further shows by affidavit that the note was sent to the office of the payee in Chicago, inclosed in a letter from the defendant requesting the payee to accept the note in renewal of a note previously given and that the payee thereupon wrote to the defendant that it would accept the note. The defendant does not present any proof in contravention of the allegations of the moving papers and it appears that the defendant has been examined before trial through one of its officers who admitted that according to his best recollection the note was made and delivered in the manner claimed by this plaintiff.

If upon this motion the court has power to determine the issue raised by answer then it is plain that the court will be bound to order judgment in the plaintiff's favor. I think it is clear, however, that the court has no power to pass upon any issues upon this motion. From time immemorial litigants have had the right to have issues arising in actions at law proven by witnesses subject to cross-examination on the witness stand, and even if the legislature has power to change in so drastic a manner the form in which issues in this kind of action have always been litigated the courts should not by construction of

rules or statute, in the absence of clear and unambiguous language, create such a change. Moreover, it is, to say the least, doubtful whether the legislature could make such a change without contravening the provisions of the Constitution which declares "that the trial by jury in all cases in which it has heretofore been used shall remain inviolate forever."

Rule 113 of the Rules of Civil Practice was intended to prevent a defendant in certain classes of cases, which for convenience I may call commercial cases, from interposing an answer which will unnecessarily delay the entry of a judgment to which the plaintiff is entitled. It provides that where the plaintiff presents an affidavit "verifying the cause of action and stating the amount claimed and his belief that there is no defense to the action," the answer may be struck out and the judgment entered in favor of the plaintiff, unless the defendant shall show "such facts as may be deemed by the judge hearing the motion sufficient to entitle him to defend." If the answer contains no denials which raise a formal issue and no affirmative allegations sufficient if true to constitute a defense, the court could even without the new rule grant judgment on the pleadings and affidavits as to the actual facts would be irrelevant and unnecessary. Obviously, therefore, it was intended under the new rule that the court should have power to determine, not whether the pleadings raise an issue, but whether upon the actual facts as presented upon the motion the defendant is "entitled to defend." Upon these points the rule seems entirely clear and the difficulty is only in arriving upon a proper determination of *when* a defendant is entitled to defend. Since the rule does not attempt to define the right to defend, it cannot be interpreted as conferring upon the court the power to deny to a party the right to

46

defend in any case where by statute or common law such right exists, but since the rule does give the court power to strike out an answer it is evident that a distinction must be drawn between the right to interpose an answer which will create formal issues and thereby delay the entry of a judgment until such formal issues have been disposed of and the right to have actual issues tried by court or jury. Pleadings are merely a formal system developed by courts and legislatures in order that actual issues may be properly formulated for trial and the formal system may be changed whenever it proves ineffective for the purpose for which it was devised, and the right to defend does not include the right to interpose a pleading which raises an apparent issue where no issue between the parties actually exists. It seems to me clear, therefore, that it was the intent of this rule that the court should in the class of cases covered by rule 113 determine upon motion whether there is any actual issue between the parties and if there is no issue, the court should strike out an answer which raises merely an apparent issue. In using the term "issue," I mean issue of fact, for if upon the conceded or undisputed facts there is as a matter of law no defense to the action, then it would seem clear that the defendant is not entitled to defend. · I have not overlooked the fact that there are statements contained in opinions, even by the Court of Appeals, of great weight and authority which, at least at first sight, are not entirely in accord with the distinction I have drawn; yet upon careful consideration, I feel that these statements cannot be held properly applicable to the new rule, which is the result of a vast experience which has shown that our system of formal pleading is imperfect in operation and at times serves to impede justice. In the case of *Way-*

*land* v. *Tysen,* 45 N. Y. 281, the Court of Appeals in an opinion by Grover, J., decided that the provision of the Code which purported to give the court power to strike out sham answers and defenses did not confer any new power upon the court, and that under that provision the court could not strike out as sham a denial, however untrue. The opinion contains expressions which even might perhaps be interpreted as authority for the view that the constitutional provisions securing the right of a trial by jury would be infringed by a statute giving the court the right to strike out a pleading creating what was formerly called a " general issue," and also that the court could not strike out as sham a verified affirmative defense; yet in numerous subsequent cases the power of the court to strike out as sham, verified affirmative defenses which were shown to be untrue beyond dispute, has been successfully asserted, and in the case of *Harley* v. *Plant,* 210 N. Y. 405, the Court of Appeals expressly decided that the validity of a denial of knowledge or information which is presumptively false should be tested by a motion to strike out as sham, and in *Dahlstrom* v. *Gemunder,* 198 N. Y. 449, the same court decided that such a denial when untrue beyond dispute, raises no issue and may be disregarded. It may be urged, however, that since the court can under no reasonable construction of rule 113 strike out an answer containing denials or allegations which if true would defeat the cause of action, a summary judgment entered in accordance with that section necessarily involves a determination of the truth or falsity of the answer, and is in effect a determination in advance of a trial, or perhaps it would be more accurate to say, without a trial, of the issues raised by the pleadings. This view would seem to derive considerable support from the

reasoning of the opinion in the case of *Wayland* v. *Tysen, supra,* but it rests upon the assumption that under our system of pleading one party cannot assert a fact and the other party deny it unless one of them is guilty of perjury, or at least is relying upon a defective memory or untrue information, and there is, therefore, a real issue between the parties which can be resolved only by weighing conflicting proof.

Our system of pleading requires the pleader to state the material *facts concisely.* The " facts " which the pleader may state are the ultimate facts, and may be and usually are the result of a deduction or inference from the evidentiary facts, and this deduction or inference may follow as a matter of law or may be merely an inference which the trier of the facts, either court or jury, as the case may be, might reasonably draw. See *De Cordova* v. *Sanville,* 165 App. Div. 128; revd., 214 N. Y. 662, upon dissenting opinion of Ingraham, J. The complaint in an action covered by rule 113 must contain allegations that a contract has been made and breached, or a judgment duly rendered. These allegations are almost necessarily conclusions drawn from other parts yet the defendant cannot ordinarily raise an issue as to the correctness of the conclusion even though both parties are agreed upon the evidentiary facts, except by a general denial, and if the defendant desires to set up an affirmative defense he must in his turn allege ultimate facts which may rest upon a deduction or inference from other facts. An honest debtor may frequently be compelled to deny an allegation of the complaint which is in fact true, or allege affirmatively a fact which is untrue because in good faith he desires to test the correctness of his conclusions as to the existence of the ultimate fact alleged, and this cannot constitute perjury, while a dishonest debtor may be

encouraged to deny an ultimate fact or set up an affirmative fact, although he knows his denial or allegations to be untrue because he is in no danger of a conviction of perjury if he can claim that his denial was due only to a mistaken inference. In other words our system of formal pleading has failed in many instances in this class of cases to perform its true function of stating the actual issues between the parties which should be tried by a jury and has become an instrument whereby the entry of a judgment to which the plaintiff is entitled may be delayed.

Rule 113 does not in my opinion attempt to change our system of formulating the issues between the parties or our system of trying the issues so formulated. Issues must still be formulated through the pleadings and must be determined upon a trial, but the rule does provide a method in certain cases whereby the court can determine whether there are any issues between the parties which require formulation or trial. The power to strike out an answer can be exercised by the court only where the plaintiff has presented not merely a complaint but an additional affidavit " verifying the cause of action " and negativing the existence of a defense, and the defendant has failed to interpose an affidavit sufficient to show that he is entitled to defend. If the defendant is entitled to defend, the plaintiff's motion for summary judgment must be denied and the case proceeds upon the formal issues previously raised; if the defendant is not entitled to defend, then the answer is stricken out and the formal issues are destroyed. If there are any real issues between the parties, then as a matter of law the defendant is entitled to defend, and if there are no real issues then the defendant cannot complain that he has been deprived of any right to a jury trial. If the affidavits

presented by both parties show without dispute the existence of facts upon which the court after a trial would be bound as a matter of law to direct a verdict, then there are no issues in the case which require a trial. The affidavit of the plaintiff should show that evidentiary facts exist from which the conclusion must follow as a matter of law that the plaintiff's claim is valid and enforcible and if the defendant fails then to show that he disputes the existence of the evidentiary facts or that other facts may exist which change the legal inference to be drawn from the undisputed facts or which may constitute a defense to the plaintiff's cause of action, then the answer could serve no purpose except to delay and impede the plaintiff in his legal rights. In other words, the court has no power to decide any issues of fact or to preclude the defendant from a trial of such issues as formulated by the pleadings, but it has power regardless of the answer to grant summary judgment under rule 113 where no issue of fact exists and in all applications made under that rule the sole test to be imposed is whether the answer serves to formulate actual issues between the parties or serves only to impede justice.

In the present case the affidavits show that there is no real issue of fact between the parties in regard to the place of delivery of the note. The denial that it was delivered in the state of Illinois and the allegation that it was made and delivered in the city of New York may have been made in good faith, but they both rest upon a conclusion drawn from the same facts upon which the plaintiff has based his allegation that the note was delivered in the state of Illinois. If the plaintiff's conclusion is correct as a matter of law then the defendant has no right to delay or impede the enforcement of plaintiff's legal remedies by its

formal denial of the plaintiff's allegations of an ultimate fact which rests upon undisputed evidentiary facts from which but one inference can be drawn. Upon the undisputed facts in this case it appears as a matter of law that the note was made and delivered in Chicago. If the answer thereafter contained only the affirmative defense the court could properly grant the plaintiff's motion to strike out the answer.

As stated above, however, the answer also contains a denial of knowledge or information sufficient to form a belief as to the assignment to the plaintiff. The Civil Practice Act, section 261, still permits a defendant to deny any knowledge or information of any material allegation of the complaint. The defendant does not concede that there has been any assignment but on the contrary disputes that assignment in the manner permitted under the law. Under rule 113 a defendant may properly in certain cases be compelled to state his version of the matter in litigation, but where he shows that he has no knowledge or information in regard to any material allegation made by the plaintiff, he cannot be compelled to accept the plaintiff's version and the court under such circumstances cannot strike out the answer. Since it is not claimed in this case that the defendant has any knowledge or information other than that derived from the allegations of the complaint and the moving affidavits of this plaintiff as to the assignment and since under such circumstances the Civil Practice Act permits it to deny knowledge or information sufficient to form a belief as to these allegations and thereby raise an issue, the defendant is as a matter of law entitled to defend the action and the court has no power under rule 113 to strike out the answer and grant a summary judgment. In view of the fact that the motion was not made within twenty days after service of the

answer as required by rule 105, I cannot consider whether under any other rule the court could strike out the affirmative defense alone.

Plaintiff's motion must therefore be denied, with ten dollars costs.

Ordered accordingly.