Rose Eichler, Plaintiff, v. Furness, Withy & Co., Ltd., Defendant.

City Court of New York, Special Term, New York County, August 31, 1938.

*Philip Jones*, for the plaintiff.

*Kirwin, Campbell, Hickox, Keating & McGrann*, for the defendant.

RYAN, J.   Action brought to recover the sum of $2,111.90 for alleged loss of certain articles of personal baggage and some cash, contained in an evening bag.   Motion for summary judgment by the defendant.   On January 13, 1938, plaintiff purchased a ticket for a cruise passage on the *Queen of Bermuda* and signed same, retaining possession of same for a day and a half, when it was taken up after she boarded the ship.   Shortly after going on board she placed four rings with the purser.   On January 30, 1938, she received same back, and placed them in an evening bag which she inclosed in her handgrip.   This latter was taken by a porter with other luggage and placed on the dock the following morning when the ship landed in New York.   There she picked it up and took it to her home, where she left it unopened and proceeded to her place of business.   It was not until two days later (February 2, 1938) when she opened her handgrip and discovered that the evening bag containing the rings was missing.   Thereupon she went to her place of business, arriving there about noontime, dialed the Furness-Bermuda Line and reported what she knew of the loss, with a description of the articles lost.   The voice on the other end of the telephone told her they would investigate and take the matter up with her when they had done so.

There are two material averments in the foregoing statement of facts: (1) The alleged loss was reported with such knowledge as

plaintiff possessed, together with a description of the articles; and (2) the telephone report of the alleged loss was made on February 2, 1938, two days after plaintiff landed.

The defendant sets up a defense that in the contract of passage signed by the plaintiff it is stated: " The shipowner shall not be liable for any claim for damage to, or loss of, any baggage unless written notice thereof with full particulars of the claim shall be delivered to the shipowner or agent within five days after passenger shall be landed from the vessel, * * * The shipowner shall not be liable for any other claim whatsoever of any passenger carried under this ticket unless written notice thereof with full particulars of the claim shall be delivered to the shipowner or agent within thirty days after the passenger shall be landed from the vessel. * * * No agent or employee shall have authority to waive any of the provisions or requirements of this ticket. Any action by the shipowner or its agents or attorneys in considering or dealing with claims where the provisions of said ticket have not been complied with, shall not be considered a waiver of said requirement and they shall not be considered as waived except by an express written waiver."

The plaintiff did not give written notice of claim to the defendant within the five days or within thirty days.

Answering the " five-day " provision, plaintiff urges that to be an unreasonable time to require proof of loss in writing. In that connection the surrounding circumstances do not sustain her contention, for she has admitted she did not open the handgrip for two days after landing, and that when she did discover the alleged loss she states she orally gave what knowledge she had thereof, together with a description of the articles, to the defendant's office. Thus, by her own admissions, five days was not an unreasonable time within which to give written notice of loss to the defendant. Nor is any claim made that the plaintiff acquired any additional information concerning the alleged loss up to the time she wrote the letter to the defendant, postmarked March 3, 1938, which letter itself adds nothing to the telephone report alleged to have been made by the plaintiff on February 2, 1938.

Plaintiff urges the further point that the defendant's unidentified agent by his telephone conversation with her on February 2, 1938, waived notice in writing. Here again the plaintiff must fail, for the contract of passage specifically provides that no agent or representative shall have authority to waive any of its provisions as above quoted. While the plaintiff does not explicitly say she did not read the contract of passage or ticket, a fair inference may be drawn that she did not read it before it was taken up on board

the ship. As to that, it makes no difference whether she read the contract or did not read it. " The law is settled in this State that a ticket in this form, issued by a steamship company for a voyage across the ocean, is more than a mere token or voucher. It is a contract, creating the obligation and defining the terms of carriage. * * * The passenger who omits to read takes the risk of the omission. The plaintiff is not helped by his surrender of the ticket when he went aboard the ship, after he had then held it several days with ample time to read it. A contract valid and reasonable in its inception does not become invalid and unreasonable thereafter, because the passenger who has assented, is unable when the voyage is over, to recall the terms of the assent." (*Murray* v. *Cunard Steamship Co.*, 235 N. Y. 162 at pp. 165, 166, Cardozo, J.)

To the same effect the court stated in the case of *Upton* v. *Tribilcock* (91 U. S. 45, 50): " It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written. But such is not the law. A contractor must stand by the words of his contract; and, if he will not read what he signs, he alone is responsible for his omission." (Citing cases.)

Referring again to the alleged waiver of written notice the case of *Merserau* v. *Phœnix Mutual Life Ins. Co.* (66 N. Y. 274) is decisive. There Allen, J., wrote (p. 280): " Unless we are prepared to hold that insurance companies cannot restrict the authority of their agents and that conditions imposing restrictions and limitations upon their powers, and communicated to those to whom policies are issued, are meaningless and but waste paper and may be utterly disregarded, there was no waiver of the condition in this case." And at page 279 the court approved a decision in New Jersey (*Catoir* v. *American Life Ins. & T. Co.*, 33 N. J. 487) holding that when the contract said no agent can waive a provision no such waiver by an agent can be urged.

I am of the opinion, therefore, that there is no merit to either of the contentions urged by the plaintiff requiring a trial of the issues of fact and defendant's motion for summary judgment should be granted. As Judge Lehman said in the case of *Rogan* v. *Consolidated Coppermines Co.* (117 Misc. 718, 725): " If the affidavits presented by both parties show without dispute the existence of facts upon which the court after a trial would be bound as a matter of law to direct a verdict, then there are no issues in the case which require a trial."

Order signed.