-Louis Colucci, Plaintiff, *v.* Lehigh Valley Railroad Company, Defendant.

Supreme Court, New York County, December, 1923.

**Practice — motion to strike out portion of complaint must be made within twenty days after service of complaint — Rules of Civil Practice, rule 105 — statute of New Jersey leaving question of contributory negligence to jury not applicable in New York state — complaint dismissed — negligence — when motion under rule 103, Rules of Civil Practice, should have been made.**

Under rule 105 of the Rules of Civil Practice a motion to strike out of the complaint a portion thereof on the ground that it is irrelevant must be made within twenty days from the service of the complaint and may not be entertained at the trial.

At the close of the plaintiff's case in a negligence action brought in this state to recover for personal injuries sustained at the crossing of the right of way of a steam railroad in New Jersey, where the defendant had not installed any safety gates, bell or device to warn and protect the traveling public, a motion was made to dismiss the complaint upon the ground that plaintiff had not shown his freedom from contributory negligence, but the plaintiff in opposition to the motion urged that under a statute of New Jersey which provides that in such an action the question whether the plaintiff was exercising due and reasonable care should be left to the jury to determine. Upon granting the motion to dismiss the complaint upon the ground asked, *held,* that the foreign statute was not applicable here.

Had the motion to strike out a portion of the complaint been made under rule 103 of the Rules of Civil Practice, it would have afforded a convenient method of settling the question of the construction of the foreign statute, now presented.

MOTION to dismiss complaint.

*Edward W. Norris (Lyman A. Spalding,* of counsel), for plaintiff.

*Alexander & Green (Clifton P. Williamson,* of counsel), for defendant.

TIERNEY, J. The defendant at the trial moves to strike out a portion of the complaint on the ground that it is irrelevant. Such a motion must be made within twenty days from the service of the complaint. Rules Civ. Prac., rule 105. It cannot be entertained now. Had the motion been made under rule 103 it would have afforded a convenient method of settling the question of construction of the foreign statute now presented. The action is brought to recover damages for injuries occurring at the crossing of the right of way of a steam railroad company in New Jersey, where the company had not installed any safety gates, bell or device to warn and protect the traveling public at such crossing, upon an allegation of negligence. The New Jersey statute (Gen. Railroad Law, § 36-a) provides that in such an action the plaintiff shall not be nonsuited on the ground of contributory negligence on his own part, but the question of whether he was exercising due and reasonable care shall be left to the jury to determine. A motion is made at the end of the plaintiff's case to dismiss on the ground that he has not shown that he was free from negligence contributing to the incurring of his injuries. The plaintiff urges that the court may not determine this question of law, but must leave the matter to the jury in accordance with the New Jersey statute. The foreign statute has not abolished the defense of contributory negligence or limited its application. In most cases our legislatures are content to intrust to judges the determination of questions of law. We have an exception in our state in the case of criminal libel, where the jury is substituted for the judge to determine the law. Const. art. 1, § 8. I do not recall another instance in this state, but there may be and doubtless there are such exceptions in many other jurisdictions. The New Jersey statute referred to furnishes such an instance. For some reason that it is immaterial to inquire into the New Jersey legislature has seen fit to constitute the twelve men in the box the part of the machinery of the court for passing on this question of law in place of the judge, just as the legislature might have determined that questions of law should be determined by a bench of three judges in place of the usual one, or by any other method that would constitute due process of law. The plaintiff has brought his action in our courts and submits to its procedure. In this state judges are elected to determine questions of law and juries are selected to determine questions of fact. The defendant's

motion for a nonsuit presents a question of law. The plaintiff asks to have the judge put aside and the jury substituted for him in passing on this question because that is the practice enacted for New Jersey. I cannot see how it would differ in principle to urge that seven men might render a verdict in this case if the New Jersey statute provided for a verdict by a majority of a jury. Suppose that the New Jersey statute had provided that the questions of fact, of negligence and contributory negligence should be determined by the judge and the jury assess the damages, would it be urged that a plaintiff seeking our jurisdiction would be exempt from the constitutional requirement (art. 1, § 2) that trial by jury shall remain inviolate because the New Jersey statute discharged the jury from exercising its usual functions? There seems to me to be no difference in principle between the positions in each of these instances. I am of the opinion that the court in this case must pass on the motion for a dismissal of the complaint in disregard of the New Jersey statute, which I hold not to be applicable. On the merits of the motion I hold that the plaintiff has not shown that he was free from contributory negligence, and the motion to dismiss the complaint is granted.

Ordered accordingly.