### EBSARY v. RAYMOND & WHITCOMB CO. (two cases).

(District Court, W. D. New York. March 5, 1924.)

Pleading ⬅365(1)—Motion to strike out allegations of complaint denied.

Rule 103, New York Rules of Civil Practice, requiring a motion to strike allegations from the complaint to be filed within 20 days from service of the complaint, enforced, where the allegations apparently are not prejudicial to defendant.

At Law. Actions by Frederick G. Ebsary and by Margaret E. Ebsary against the Raymond & Whitcomb Company. On motions to strike out allegations from complaints. Denied.

See, also, 300 Fed. 685.

Harlan W. Rippey, of Rochester, N. Y. (Martin Clark, of Buffalo, N. Y., of counsel), for plaintiffs.

Kenefick, Cooke, Mitchell & Bass, of Buffalo, N. Y. (William M. Fay, of Buffalo, N. Y., of counsel), for defendant.

HAZEL, District Judge. This is a motion to strike out allegations from the complaint as irrelevant and redundant. The motion is op-

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

posed on the ground that rule 103 of the Rules of Civil Practice requires that such a motion be made within 20 days from the service of the complaint. Rogan v. Consol. Cop. Mines, 117 Misc. Rep. 718, 193 N. Y. Supp. 163; Colucci v. Lehigh Val. R. Co., 121 Misc. Rep. 758, 202 N. Y. Supp. 717. I think this rule should properly be applied in this case, since it is not discerned how the defendant would be prejudiced by the allegation which it seeks to strike out. In any event, if evidence is offered at the trial which has no relation to the breach of contract, on objection it would be excluded. It may be that these objectionable allegations have some relation to the breach of contract, and, if so, their recital cannot injure the defendant company.

The motion to strike out allegations in the complaint is denied.